J. S. BETTS COMPANY, A CORPORATION, *Appellant,* v. SOUTH GEORGIA RAILWAY COMPANY, A CORPORATION, *Appellee.*

Opinion Filed January 27, 1915.

1. A mandatory injunction, enjoining the refusal to carry out a contract, is properly dissolved upon a showing that the complainant repeatedly violated many essential provisions of that contract.

2. Where the legal remedies for a breach of a contract are ample, the basis for equitable relief should be otherwise shown.

Appeal from Circuit Court for Taylor County; M. F. Horne, Judge.

Order Affirmed.

*Hendry & Whitnell,* for Appellant;

*W. B. Davis,* for Appellee.

COCKRELL, J.—This is an appeal from an order dis-

solving a temporary injunction, granted without notice, enjoining the Railroad Company from refusing or preventing the Betts Company operating its log train upon the tracks of the Railroad Company, under the terms of a contract theretofore entered into between the two companies.

We are of the opinion that the only error committed by the Circuit Court was in issuing the injunction, and that its dissolution was entirely proper. See Florida East Coast R. Co. v. Taylor, 56 Fla. 788, 47 South. Rep. 345.

The contract so sought to be enforced by this drastic writ in advance of a final hearing, is somewhat lengthy, but its main features may be summarized in these words: The Railway Company and the predecessor of the Betts Company agreed upon a consideration of one dollar mutually paid and of the covenants, agreements and payments, thereinafter named; that the predecessor of the Betts Company, called for convenience the Lumber Company, should have the right to run its log trains on certain portions of the tracks of the railroad company; there were numerous conditions and restrictions upon this right looking to proper compensation for the injury that might be done by the Lumber Company, to the safety of the Railroad Company as a Common Carrier of passengers and freight, for compensation to be paid periodically to the railroad company, for the delivery of the logs to this company for the long haul, rather than to its rivals, and other provisions not necessary to mention. "It is understood by all parties of this contract that it shall remain in force as long as complied with until all the timber owned by the said Greenville Yellow Pine Company, its sucessors and assigns, has been hauled."

Upon the hearing before the Chancellor for dissolution

of the injunction, there was considerable evidence that the Betts Company had violated substantially every provision of this contract; that it had not made its periodical payments, that it was careless in the operation of the log trains, endangering the safety and lives of the passenger service of this Common Carrier, that it carried freight forbidden by the contract, that it turned over the logs to a rival carrier, and other derelictions were charged in the answer filed, supported by affidavits.

We have difficulty in ascertaining the appellant's theory as to a basis for equity jurisdiction.. It aserts here that time was not made of the essence of the contract, and that therefore the Railway Company was not permitted to cancel the contract, but was remitted to an action at law for its breach. Merely noting that the contract remains in force only so long as "complied with" until the lumber be removed, it would seem to us that the Betts Company is seeking a court of equity to avoid the legal offsets occasioned by its own breach of the contract, and is asking a court of conscience to compel the other party to perform, despite its own past and future violation of that contract. Again, irrespective of the defensive matter set up in the answer, the equity of the bill is not clear. The railroad is a Common Carrier and must carry the logs of the lumber company for a definite freight rate fixed by law. It would seem that the measure of damages for an unauthorized breach of the contract, the difference between the rate prescribed by law and the cost of carrying the logs under the contract, is readily ascertainable. The public at large is not interested in behalf of this appellant, as in the case of Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45 South. Rep. 574, 16 L. R. A. (N. S.) 307, 14 Ann. Cas. 472, 127 Am. St. Rep. 155. The bill

sets out merely the breach of a contract, for which the legal remedy is ample.

The order dissolving the injunction is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, WHITFIELD AND ELLIS, JJ., concur.