PER CURIAM.
The appellant filed an action for specific performance of a contract for sale of real estate. On final hearing the trial court denied the relief sought, and this appeal ensued.
On October 9, 1967, the parties entered into a written agreement in which the appellant, herein referred to as the purchaser, was given an option to purchase four listed and described parcels of land. The purchase price was $71,000, to be paid to the seller in quarterly installments over a period of ten years, commencing 90 days after closing, plus assumption by the purchaser of an existing mortgage of approximately $5,000.
*854 The exercise of the option and the closing of the sale were to take place on or before November 15, 1967. The agreement did not call for payment of any part of the purchase price upon closing. The only cash payable on closing was that which should be required for documentary stamps on the deed and purchase money mortgage and for intangible tax on the latter. At closing the purchaser was to give to the seller a promissory note for the sum of $71,000, with interest at 6% per annum, and a purchase money mortgage securing the same, which would provide for such deferred quarterly payments.
On November 14, 1967, the parties entered into another agreement entitled “Exercise of option and extension of option agreement” by which there was “acknowledged” the exercise of the option by the purchaser to three of the four described parcels, and adjusting the amount payable to the seller thereon to $43,500. As to those parcels it was provided: “Option to be exercised in accordance with option agreement dated October 9, 1967.” It should be noted that the original agreement had called for closing by November 15, which was the day following the date of the agreement acknowledging exercise of option on three of the four tracts of land. However, there was no closing with respect to said three parcels on November 15, or thereafter.
The second agreement, of November 14, 1967, extended the option on the remaining or fourth parcel to February 15, 1968, and fixed the price thereof at $33,000. In addition, though not material in this case, that instrument gave the purchaser an option, until February 15, 1968, for the purchase of an additional parcel at a price of $25,000.
The defense interposed by the seller was that the transaction had been rescinded and cancelled by the parties. The trial court so concluded and denied specific performance. The appellant contends such holding was contrary to the evidence and that the evidence was insufficient to support the judgment.
On consideration of the record and briefs we conclude the judgment of the trial court was based on competent substantial evidence. There was ample evidence, which, if competent and accepted by the trial court, was sufficient to show cancellation of the transaction, both as to the three parcels for which the option was exercised (but as to which no closing was held) and as to the (extended) option on the fourth parcel. The principal conflict in the evidence related to whether certain documents bearing on that issue, and which were adverse to the rights of the purchaser, were genuine or were forged and false. We are impelled to conclude that on the evidence before it the trial court was entitled to decide the issue, as it did, in favor of the defendant. Additionally, the position of the appellee here is aided by the presumption of correctness which adheres to the judgment, and by the measure of discretion involved.
The granting or withholding of judgment for specific performance is a matter within the sound judicial discretion of a court of equity, controlled by settled principles of law and equity applicable to the particular facts, and the discretion of the trial court in refusing specific performance of such a contract will not be disturbed on appeal unless clearly erroneous.
The many cases in which that proposition has been observed preclude the need for citation of authorities in its support. However, of particular significance to the facts of this case is a statement appearing in Chabot v. Winter Park Co., 34 Fla. 258, 15 So. 756, 759, viz:
“The specific performance of a contract for the sale of lands is not a matter of right in either party, but rests within the sound, reasonable discretion of a court of equity. This discretion will only be exercised where the complainant *855 shows himself prompt and eager to perform the contract on his part, and to have same performed by the other party.”
No reversible error having been made to appear, the judgment is affirmed.