340 So.2d 1205 (1976)
HENDERSON DEVELOPMENT COMPANY INC., a Florida Corporation, Appellant,
v.
Edward G. GERRITS, Appellee.
No. 75-1272.
District Court of Appeal of Florida, Third District.
December 14, 1976.
Rehearing Denied January 12, 1977.
Malcolm H. Friedman, Coral Gables, for appellant.
Cypen & Nevins and Wayne A. Cypen, Miami Beach, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HENDRY, Judge.
Appellant was the defendant below and appellee was the plaintiff.
The following facts appear from the record: On December 20, 1974, appellee filed a complaint for specific performance to compel appellant to convey to him a certain condominium unit. The complaint alleged (1) that appellee and appellant entered into a written contract for the sale of the condominium unit on April 3, 1973; (2) that prior to the closing date, appellee inspected said condominium unit and discovered that appellant had created certain deficiencies in said unit; and (3) that appellee advised appellant that he was ready, willing and able to close the transaction as soon as the deficiencies were corrected. Along with the complaint, appellee filed a notice of lis pendens.
Appellant filed its answer denying that it had created any deficiencies in the unit. By way of affirmative defense, appellant alleged that it had conveyed said condominium unit to a bona fide purchaser for value upon the failure of appellee to attend the closing of the unit as scheduled on October 3, 1974. With the aforementioned in mind, appellants argued in the lower court that a decree for specific performance would infringe upon the rights of the innocent third person and therefore, should not be granted.
On June 23, 1975, the lower court entered a final judgment of specific performance in favor of appellee. The lower court found specifically that appellant had created the deficiencies in said condominium unit and had not acted reasonably in an effort to correct the deficiencies prior to the aforementioned closing date.
*1206 The lower court also found that on December 14, 1974, appellant conveyed said unit to a third party purchaser, but had not offered any proof to substantiate its affirmative defense that the third party was a bona fide purchaser for value who lacked notice or knowledge of appellee's outstanding contract.
On July 1, 1975, appellant filed a motion for rehearing, which motion was denied. This appeal follows from the entry of the above final judgment of specific performance.
Appellant's basic contention is that the lower court erred as a matter of law in granting a final judgment for specific performance in favor of appellee in that appellee had conveyed title to said unit to a bona fide purchaser for value. Appellant argues that the placing of the burden of proof upon it to prove that the third party was a bona fide purchaser was error and that it was up to appellee to offer evidence to rebut appellant's affirmative defense.
Appellee contends that the lower court did not commit error in granting specific performance in favor of appellee in that the lower court correctly held that appellant failed to meet his burden of proof as to its affirmative defense of bona fide purchaser.
We agree with appellee in his contention. The granting or withholding of a judgment for specific performance is a matter within the sound judicial discretion of a court of equity and will not be disturbed on appeal unless clearly erroneous. Molina v. Reiss, 254 So.2d 853 (Fla. 3d DCA 1971).
The lower court correctly held that the burden of proof was on appellant to prove his affirmative defense of bona fide purchaser. Hough v. Menses, 95 So.2d 410 (Fla. 1957). Therefore, the court having held that the burden had not been met, a decree of specific performance was capable of being rendered. Krantz v. Donner, 285 So.2d 699 (Fla. 4th DCA 1973).
In appellant's reply brief, appellant was quick to point out that appellee's main brief utilized the deposition and affidavit of the alleged bona fide purchaser in violation of F.A.R. 3.7(g). Both the affidavit and deposition of the purchaser were not a part of the record-on-appeal and were not before the lower court and therefore, appellant argues that we should not consider the matters included in said brief. Florida Livestock Board v. Hygrade Food Products Corporation, 141 So.2d 6 (Fla. 1st DCA 1962).
In reaching our decision in this matter, we have limited our review to only the record on appeal and conclude that there was substantial competent evidence to support the chancellor's finding. Any other points raised by appellant are without merit and need not be discussed.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.