374 So.2d 1035 (1979)
Esther VORPE and J. Bruce Vining, Appellants,
v.
KEY ISLAND, INC., Appellee.
No. 78-1111.
District Court of Appeal of Florida, Second District.
August 1, 1979.
Rehearing Denied September 5, 1979.
*1036 Mallory H. Horton of Horton, Perse & Ginsberg, Miami, for appellants.
Julian Clarkson of Holland & Knight, Tampa, for appellee.
SCHEB, Acting Chief Judge.
This appeal involves a lease wherein the lessee has a right of first refusal to purchase the leased property. The issue we address is whether the court erred in denying the lessee specific performance of its right of first refusal on the ground that there was no pending transaction on which to base that right once the court ordered rescission of the lessor's sale to a third party.
In January 1954 appellant Vorpe and appellee Key Island entered into a 99-year lease which gave Key Island a right of first refusal for 30 days should Vorpe have an opportunity to sell the real property. In December 1976, Vorpe sold the property to appellant Vining without giving a right of first refusal to Key Island.
In February 1977, Key Island filed suit against Vorpe and Vining. Key Island sought cancellation of Vorpe's conveyance to Vining, specific performance of its right of first refusal, and damages for Vining's interference with its contractual rights. Key Island also sought to quiet its title to a separate parcel of land and to recover damages for slander of title to that parcel. At trial Vorpe and Vining produced a copy of the contract, and within 30 days Key Island filed a notice of tender for purchase of the property on the same terms as Vining offered.
The trial court entered final judgment canceling the deed from Vorpe to Vining, awarding $35,000 damages to Key Island and quieting title in Key Island on the second parcel of land. The court, however, refused to order specific performance of Key Island's right of first refusal, stating that "there is no transaction pending upon which plaintiff [Key Island] can exercise its right of first refusal." Appellants Vorpe and Vining appeal from the judgment, and appellee Key Island cross-appeals. We think that there was substantial competent evidence to support the judgment in favor of Key Island, and we find no merit to the other contentions advanced by appellants. However, we think the trial court's denial of specific performance was based on a misconception of law.
The court concluded that since it had canceled the sale from Vorpe to Vining, there was no longer any viable pending sale and, therefore, no basis for Key Island to purchase the property. However, once Vorpe, the lessor, manifested an intention to sell to a third party, Key Island's right of first refusal was activated, Vietor v. Sill, 243 So.2d 198 (Fla. 4th DCA 1971), and Vorpe's conveyance to Vining conclusively established Key Island's right to purchase the property on the terms which Vorpe had accepted from Vining. The fact that the sale was subsequently rescinded by judicial action had no bearing on Vorpe's intention to sell. In that respect this case is analogous to Henderson v. Nitschke, 470 S.W.2d 410 (Tex.Civ.App. 1971). There a lessee with a right of first refusal sought specific performance to require the lessor to convey the leasehold property to the lessee's nominee *1037 pursuant to the nominee's exercise of lessee's right of first refusal subsequent to a third party's revocation of its purchase offer. Prior to the revocation of the offer, lessor had sent a written notice advising lessee of its intent to sell the property. The trial court granted summary judgment for lessor. In reversing, the Texas Court of Civil Appeals held that lessor had clearly manifested an intent to sell by providing written notice to lessee, and that at that time lessee's right of first refusal was converted into an enforceable option to purchase. Further, this option was irrevocable during the period of time set forth in the lease that lessee was authorized to purchase. The case before us presents an even more compelling situation for the trial court to consider specific performance. Here, the lessor, Vorpe, actually entered into a contract for sale. There could be no clearer manifestation of intent to sell. At that time, Key Island's right of first refusal was converted into an irrevocable option to purchase. The judicial rescission did not affect this option.
We recognize the long standing principle that whether to grant or deny specific performance is a matter within the sound discretion of the trial court. Topper v. Alcazar Operating Co., 160 Fla. 421, 35 So.2d 392 (1948). The corollary to that principle is that the exercise of that discretion will not be disturbed on appeal unless clearly erroneous. Henderson Development Co. v. Gerrits, 340 So.2d 1205 (Fla. 3d DCA 1976). Here, however, the court's erroneous determination that it could not act to grant specific performance once it had annulled the transaction between Vorpe and Vining improperly preempted the exercise of that discretion.
We reverse that part of the final judgment which denies Key Island's prayer for specific performance. Otherwise, we affirm the final judgment. We remand with directions to the trial court to determine, consistent with this opinion, whether or not to grant specific performance.
RYDER and DANAHY, JJ., concur.