392 So.2d 268 (1980)
HOME AMERICA, INC., et al., Appellants,
v.
George M. ATKINSON, Appellee.
No. 80-546.
District Court of Appeal of Florida, Second District.
October 22, 1980.
*269 Malcolm V. McKay of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, for appellants.
William C. McLean, Jr., Tampa, for appellee.
SCHEB, Chief Judge.
Appellants contend that the trial court erred in ordering Home America, Inc., to specifically perform its real estate construction contract with George Atkinson and in requiring it to take a purchase money mortgage from him. We affirm the order of specific performance but reverse the requirement that Home America finance Atkinson's purchase.
Home America agreed with Atkinson to duplicate one of its model homes on a lot and to convey the house and lot to Atkinson in accordance with a written contract. The contract contained the legal description of the property and the price, terms and other essential details of the transaction. It included a building plan and required Atkinson to seek financing. Finally, it provided that Atkinson would sell his existing home prior to closing the transaction and immediately make the balance of the down payment. As construction proceeded a controversy developed regarding construction changes and alleged deficiencies. Atkinson sold his existing home but failed to make the balance of the down payment. Each party claimed the other had defaulted. Consequently, the transaction did not close, and Atkinson's loan commitment expired.
Atkinson filed suit seeking specific performance of the contract. He also sought damages for losses allegedly incurred because of Home America's untimely performance and for the loss he claimed he would sustain because the delay prevented him from availing himself of a favorable twenty-nine year, 9.75% mortgage-loan commitment. The trial court found that Home America had breached its contract and ordered it to correct construction deficiencies and convey the property to Atkinson upon his payment of the balance of the down payment. The court required Home America to take a purchase-money mortgage from Atkinson to compensate him for the lapse of his loan commitment and ordered the appellants to pay him for other damages he had incurred.
Home America seeks reversal of the court's judgment on two grounds. First, it argues that the trial court erred in granting specific performance since Atkinson had defaulted by not paying the balance of the down payment. Second, it contends that the court erred in ordering it to finance Atkinson's purchase since Atkinson had an adequate remedy at law.
*270 We find no merit to the first point. The trial court properly ordered specific performance when it found that Home America had breached the contract. Specific performance is an equitable remedy which the trial court may grant in its discretion, and the court's judgment will not be reversed on appeal unless clearly erroneous. Henderson Development Co. v. Gerrits, 340 So.2d 1205 (Fla. 3d DCA 1976). While it is not ordinarily granted in construction contract cases, courts have ordered specific performance of construction contracts where the completion of a building and the transfer of real property were involved. Floyd v. Watson, 254 S.E.2d 687 (W. Va. 1979); Edison Realty Co. v. Bauernschub, 191 Md. 451, 62 A.2d 354 (1948); 81 C.J.S. Specific Performance § 88 (1977); see Connell v. Mittendorf, 147 So.2d 169 (Fla. 2d DCA 1962). Here, Home America had contracted to construct a house and convey it and the lot to Atkinson. Home America had substantially completed the building, and the trial court properly ordered it to correct the construction deficiencies as well as transfer the lot and building.
We do find merit to Home America's second point, however. The trial court erred in invoking its equitable powers by ordering Home America to take a purchase-money mortgage from Atkinson on the terms of Atkinson's original loan commitment. Home America's breach of contract prohibited Atkinson from taking advantage of a loan commitment for a twenty-nine year, 9.75% mortgage loan. Atkinson, however, can still obtain a mortgage loan albeit at a higher interest rate. Consequently, Atkinson's damages are readily calculable. They are the difference in total interest payments under a mortgage loan at the terms of the expired commitment and a mortgage loan under the current interest rate. Thus, Atkinson has an adequate remedy at law, that is, damages, and the trial court erred in fashioning an equitable remedy. J.S. Betts Co. v. South Georgia Ry. Co., 69 Fla. 46, 67 So. 861 (1915).
Accordingly, we vacate that part of the final judgment which requires Home America to take a purchase-money mortgage from Atkinson; otherwise, we affirm. We remand and direct the trial court to enter an amended final judgment awarding Atkinson damages in accordance with this opinion. In so doing the trial court must retain jurisdiction until Atkinson can arrange financing and close his transaction with Home America.
GRIMES and CAMPBELL, JJ., concur.