PER CURIAM.
The appellant-wife appeals from a final judgment of dissolution of marriage, contending that it was error for the trial court to deny her motion for continuance of the final hearing, and it was further error to permit the appellee-husband to amend his answer at the hearing by asserting a counterclaim for dissolution. We find error and reverse.
The action was initiated by the wife’s complaint for dissolution of marriage, which included a claim for alimony. The husband’s attorney scheduled the matter for final hearing on November 19, 1979. On November 16, 1979, the wife’s attorney filed a motion for continuance and a motion to withdraw as attorney. The motion for continuance set forth that the wife was scheduled to be admitted to the hospital on November 19, and that it was impossible for her to attend the hearing. The motion to withdraw prepared by the wife’s Pensacola attorney was grounded in part upon the fact that venue of the case had been transferred to Walton County upon the husband’s motion; that he had attempted to locate another attorney for the wife but was unable to do so; that the wife had requested the attorney not to proceed with the divorce, and that she would be in touch with him later. The attorney’s motion also related that on October 9 he had advised the wife of the final hearing, but that the wife failed to contact him until November 14, at which time she told him that she could not attend the final hearing because she was scheduled to be admitted to the hospital.
Neither the wife nor the attorney appeared at the final hearing. At the hearing, the trial judge allowed the husband to amend his pleadings by counterclaiming for dissolution, and a final judgment of dissolution was granted, containing no provision concerning the alimony claims of the wife.
Although we do not condone the late filing of the motion for continuance, and the failure of the wife or her attorney to appear at the final hearing, the trial judge’s denial of the motion for continuance furnished no basis upon which the husband could be permitted to assert a claim for affirmative relief without notice, service of the amended pleading upon the wife, or affording her an opportunity to respond. Kitchens v. Kitchens, 162 So.2d 539 (Fla. 3rd DCA 1964); Rule 1.080, Florida Rules of Civil Procedure. Rule 1.190(b), Florida Rules of Civil Procedure, relating to issues “tried by express or implied consent of the parties,”, and authorizing amendment of the pleadings “to conform to the evidence” cannot be applied to justify the procedure followed here.
REVERSED.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.