HOBSON, Acting Chief Judge.
This appeal deals with a lease provision giving tenants the right of first refusal to purchase the leased premises. Appellants/tenants leased certain property from appellee/landlord. Under the terms of the lease, tenants were entitled to a right of first refusal in the event landlord decided to sell the premises. Landlord entered into a contract for sale of the leased premises and other parcels of contiguous property with a third party. Pursuant to the lease agreement, landlord delivered the contract to tenants. Within the prescribed time limit, tenants delivered to landlord’s agent a notice of exercise of option to purchase the leased premises upon the same terms and conditions as those contained in the contract for sale.
Landlord notified tenants that their right of first refusal would not be honored because tenants had not agreed to purchase the entire parcel described in the contract for sale. Landlord then proceeded to convey the entire parcel to the third party.
Tenants filed an amended complaint against landlord and third-party grantee seeking cancellation of the deed, specific performance of the lease agreement and damages from the grantee for tortious interference with contractual rights. Landlord and third-party grantee moved to dismiss the amended complaint, and the trial court granted the motion, apparently based on the fact that tenants did not exercise the option to purchase the entire parcel.
We rely on the case of Denco, Inc. v. Belk, 97 So.2d 261 (Fla.1957). In that case the landlord conveyed the leased premises and other lands to Denco corporation without giving the tenant, Belk, the opportunity to exercise his right of first refusal. Belk filed a complaint alleging that the sale violated his rights under the lease and prayed that the conveyance be declared null and void as to the lands embraced within the lease. Belk also prayed that the court determine the value of the property covered by the lease, inasmuch as it had been included with other lands without a specific price being fixed on it.
After addressing issues not concerning us in the instant case, the supreme court stated:
The real and basic issue in this case, however, is simply whether the purchaser of this land, not only charged with knowledge of the rights of the lessee as a *853 matter of law but placed on direct notice by the very provisions of the deed he accepted, may defeat the substantial rights of the lessee under the terms of this lease.... Denco, Inc. comes within the rule that persons dealing with an owner of land for purposes of sale or purchase who have knowledge of possession by a lessee, are placed on inquiry as to the full terms and conditions of the lease, including a provision granting a right of first refusal of purchase to the lessee if the lessor decides to sell the property during the term of the lease, [citations omitted] We think the law and every concept of equity and good conscience requires Denco, Inc. to recognize the rights of the lessee under all of the provisions of the lease under which he holds possession of the property, not the least of these being the option above alluded to.
Thus, appellees’ argument that tenants were required to exercise their option as to all the land listed on the contract for sale is incorrect. The Denco case clearly holds to the contrary.
Once the landlord evidenced an intention to sell the property, tenants’ right of first refusal was converted into an irrevocable option to purchase. Vorpe v. Key Island, Inc., 374 So.2d 1035 (Fla.2d DCA 1979). The third-party purchaser is subject to this right.
Therefore, we reverse the trial court’s dismissal of the tenants’ complaint and remand this cause for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
BOARDMAN and DANAHY, JJ., concur.