407 So.2d 305 (1981)
Eddie L. WALKER and Zell G. Walker, Appellants,
v.
Jo Ann BENTON and Bessie M. Roberts, Appellees.
No. 80-1698.
District Court of Appeal of Florida, Fourth District.
December 14, 1981.
*306 Todd L. Smith, Fort Lauderdale, for appellants.
Alan H. Konigsburg, Fort Lauderdale, for appellees.
BARKETT, ROSEMARY, Associate Judge.
Eddie and Zell Walker appeal from a final judgment which awarded damages and specific performance of a contract for the conveyance of real property. We reverse as to damages, while finding that specific performance is warranted. We remand for certain factual determinations in connection therewith.
On February 15, 1979, Jo Ann Benton and her mother, Bessie Roberts, entered into a deposit receipt contract with Eddie and Zell Walker for the purchase of certain real property. Although the contract, which was an FHA form, provided that all monies would be refunded and the parties would be relieved of their liability thereunder if the purchaser failed to qualify for an FHA mortgage, the sellers did not object to the purchasers' reapplication for financing after they had been rejected twice on the basis of insufficient income. On June 1, 1979, the FHA issued a firm commitment to the purchasers and the only obstacle to closing was certain repairs and reports which the sellers had indicated they would complete. By letter dated June 12, 1979, however, the sellers summarily and unilaterally terminated the contract and refused to convey.
While the contract herein would have terminated automatically upon the purchasers' failure to originally obtain FHA financing, we believe that the acquiescence of the sellers in the reapplication for financing constituted a waiver of their right not to proceed under the contract. Thus, we agree with the trial court's order requiring specific performance.
*307 We also agree that the purchasers are entitled to some damages incident to the award of specific performance, but not those sought by the purchasers and ordered by the trial court. The purchasers, in addition to specific performance, sought damages for attorney's fees, furniture storage costs and rent for alternative housing pending the closing, and damages resulting from the loss of their FHA mortgage commitment because the purchasers would become obligated to a mortgage of greater cost and higher interest upon the eventual closing of this transaction. The trial court granted damages for furniture storage and alternative rent; deferred the question of attorney's fees; and, with reference to the loss of the favorable mortgage rate, provided only that the conveyance be upon the terms of the FHA commitment issued in June, 1979.
The law in Florida clearly allows damages incident to granting specific performance, but such damages are limited to those which will return the parties to the status quo at the time of the breach:
"`the general rule is well settled that where the contract is not completed until after the time stipulated for that purpose, but the court nevertheless decrees a specific performance, it will adjust the equities of the parties by placing them as far as possible in the same position which they would have occupied had the agreement been completed at the prescribed day, and to that end it will allow to the purchaser the rents and profits, and to the vendor interest upon the purchase price from and after that date.'"

Salinas v. Rieck & Fleece Builders Supplies, Inc., 109 So.2d 394 (Fla. 2d DCA 1959).

330 Michigan Ave. Inc. v. Cambridge Hotels, Inc. (1966 Fla.) 183 So.2d 725.
The "rent and profit" allowable in this case is not the rent for alternative housing during the interim between the appellants' default and the eventual closing. Rather, it would be the yield of the property which is the subject of the suit. Such relief was not sought in the purchasers' complaint. Furthermore, should the purchasers now seek an award of the value of the rents and profits from the subject property, the court must then also award to the seller the interest upon the purchase price from the closing date.
Consequently, the "damages" awarded incident to a decree of specific performance are clearly different from those which would be awarded for breach of the contract. The court is really requiring an accounting in its attempt to adjust the equities between both parties in order to return them to their relative position at the time of closing.
"The general rule, where specific performance is granted of a contract to sell realty, is that the vendor must account to the purchaser for any deprivation of the use of the property from the date when possession should have been transferred, and for any detriment to the property caused by his failure to preserve it properly; as against which the vendor is entitled to credit for any expenses properly incurred by him for the improvement or preservation of the property, and for any loss of the use of the purchase money or other consideration from that same date, the legal rate of interest being the measure of compensation as to the purchase money unless the contract specifies a different rate." 7 A.L.R.2d, at page 1206.
Obviously, in some instances, the purchaser would elect not to seek "rents and profits" since the interest on the purchase price would exceed the value of the "rents and profits".
With reference to the purchasers' claim that they should receive the benefit of the mortgage rates which would have been available at the time of closing, the trial court decreed that:
"conveyance shall be ... upon such additional terms as specified or required by the subsequent condition represented by the F.H.A. commitment issued on or about June 1, 1979, particularly with regard to the interest rate to be applied ..."
*308 Clearly, the court has no authority to assure that the purchasers can obtain another commitment similar to the one issued on or about June 1, 1979, from the FHA. The court, however, in order to return the parties to their relative positions, should assess as damages the difference in total interest payments under a mortgage loan at the terms of the expired FHA commitment and a mortgage loan under the current interest rate. Obviously, the trial court must retain jurisdiction until the transaction is closed and the actual mortgage on the subject premises is obtained by the purchasers in order to make the appropriate damage calculation. Home America, Inc. v. Atkinson, 392 So.2d 268 (2d DCA 1980); Hernandez v. Leiva, 391 So.2d 292 (3d DCA 1980).
Since the court reserved ruling on the claim of attorney's fees, the appellate issue of attorney's fees is premature.
In summary then, we affirm the award of specific performance herein. However, the trial court must determine the amount of damages to award appellees as a result of the increased mortgage rate which the purchasers would be presently required to pay. Should the purchasers at this time seek the additional allowable damages occasioned by the deprivation of the use of the property, the trial court must determine what those damages should be and offset same by the interest on the purchase money which the seller would have received.
Additionally, it must be recognized that the economic climate has materially changed since June of 1979, and the possibility exists that the purchasers would be unable to obtain a mortgage at all in order to purchase the property. Under these circumstances, the plaintiffs should be allowed to amend the complaint in order to seek damages for a breach of the contract instead of specific performance.
ACCORDINGLY, WE AFFIRM IN PART AND REVERSE IN PART, REMANDING FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
DOWNEY and MOORE, JJ., concur.