DANAHY, Judge.
When this case was first before us, we reversed an order which dismissed plaintiffs’ complaint against the defendants seeking cancellation of a deed between defendants Via and Harding,[1] specific performance of a lease agreement providing for right of first refusal to purchase the leased premises,[2] and damages for tortious interference with contractual rights. Why open [sic] v. Via, 404 So.2d 851 (Fla. 2d DCA 1981).
On remand, the trial court correctly tried the remaining issue to determine what price and terms would be “equal to” those contained in the Via-Harding contract to enable the plaintiffs to purchase only the leased premises.
At trial the testimony revealed that the Via-Harding contract provided for an inflated price of $1,118,000 for the entire parcel based upon a “creative experience in merchandising” which allowed for a 19.5 per cent down payment with the balance covered by a purchase money mortgage and promissory note bearing interest at 4.4 per cent per annum for six years, then amortized payments for twenty-three years at 4 per cent interest. The expert witness further testified that the fair market value of the entire parcel would be $782,000. Using these two figures, the evidence demonstrated that the value of the leased premises, which comprised 28.77 per cent of the entire parcel, would be either an inflated price of $321,675 or a fair market value of $258,951.
In the final judgment rendered, the trial court ordered in pertinent part as follows:
2. The purchase price for the property is to be $321,675.00 and is to be paid into the registry of the court to be released subject to the order of this Court.
3. The Plaintiffs are given ninety (90) days from the date of entry of this order within which to arrange any financing they may need and to close on the purchase set forth in paragraph 1 above. The Court, however, reserves jurisdiction to extend this time period upon proper motion by Plaintiffs.
4. Upon payment by Plaintiffs of the purchase price into the registry of the court, title to the real property covered by this Final Judgment shall be deemed to be held by Plaintiffs free and clear of all claims of Defendants, VIA and HARDING, and all those claiming by, through or under them, and the real property mortgage now encumbering said property shall be partially released and satisfied of record by Defendants, VIA, as to the property covered by this Final Judgment.
We agree that a trial judge in an equity action can exercise wide discretion in accordance with the reasonableness test of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), in determining the price and terms of purchase based upon competent, *421 substantial evidence before him. In the case before us, the trial judge, with evidence of two financing arrangements before him, could choose either: (1) the fair market value with its allowance for independent financing arrangements, or (2) the whole “creative experience in merchandising” package with its inflated purchase price and specified financing arrangement. See Home America, Inc. v. Atkinson, 392 So.2d 268 (Fla. 2d DCA 1980); 330 Michigan Avenue, Inc. v. Cambridge Hotel, Inc., 188 So.2d 725 (Fla. 3d DCA 1966).
We find that the trial judge was well within the bounds of his discretion when he chose the second option. But we also find that he erred when, after adopting the inflated purchase price, he ordered that this price be paid solely in cash. Additionally, the trial judge should have imposed the concomitant duty on the Vias to take back the plaintiffs’ mortgage containing the same unique and favorable terms afforded Harding. 330 Michigan Avenue, Inc. By not imposing terms equal to the Via-Harding contract in accordance with plaintiffs’ right of first refusal, the trial judge in effect changed the terms of the agreement between plaintiffs and Via in their lease. The trial judge could not make a new or different contract between the parties.
Accordingly, the order appealed from is affirmed as to the'purchase price found by the trial court. However, we reverse that part of the order which failed to impose the duty on defendants to accept a down payment of 19.5 per cent and a mortgage which conforms to the Via-Harding agreement for the balance of the purchase price.
Finally, we note that appellee, Bruce C. Wrinkle as Trustee, has filed a cross-appeal. We must dismiss the cross-appeal because no written order or judgment denying the beneficiary Corra’s motion to intervene has ever been rendered. Thus, there is nothing from which cross-appellant can appeal. See State v. Wells, 326 So.2d 175 (Fla.1976), and Downey v. State, 409 So.2d 133 (Fla. 4th DCA 1982).
REVERSED and REMANDED for entry of an order consistent with this opinion.
RYDER, A.C.J., and SCHOONOVER, J., concur.

. During these proceedings, Bruce C. Wrinkle was substituted as trustee in place of Warren G. Harding.

. The right of first refusal provision in the lease agreement is stated as follows:
XVI. RIGHT OF FIRST REFUSAL
Tenant shall have the first option to purchase the real property heretofore described in the event Landlord decides to sell. In the event a third party executes a valid enforceable contract for purchase of the real property, the Tenant shall be delivered in hand a signed original of said contract. Tenant shall have forty-eight (48) hours, not counting weekend or holiday, to indicate his desire to exercise his option at terms equal to said contract. Said acceptance or refusal shall be indicated on the original and returned to Landlord or his agent, and shall constitute Tenant's agreement to accept the terms of said contract.
This first refusal is intended to extend to each and every contract entered into by Landlord for sale of property. [Emphasis added.]