DAMOORGIAN, J.
Ryan Blanton timely appeals a final judgment for monetary damages in favor of Chester Baltuskouis. Blanton argues that the trial court erred in allowing Bal-tuskouis to pursue a claim for damages that was neither pleaded nor tried by consent or waiver. We agree and reverse the judgment with instructions to enter judgment in favor of Blanton. Our holding renders Blanton’s other challenges moot.
By way of background, Baltuskouis filed a one-count complaint against Blanton, seeking specific performance of a contract to convey real property. Blanton filed an answer, affirmative defenses, and a counterclaim. The counterclaim is not relevant to this appeal. The trial court issued an order setting the case for trial.[1] Baltus-kouis requested a continuance. In his motion, Baltuskouis’s attorney stated he was unable to contact Blanton, who was unrepresented at that point in the proceeding. Baltuskouis also filed a unilateral pretrial stipulation, presenting two issues for determination at trial: (1) whether defendant breached the contract; and (2) whether plaintiff suffered damages from the breach and, if so, what amount.[2] The trial court denied the motion for continuance, and the case proceeded to trial. Blanton failed to appear at trial. At the conclusion of the presentation of the evidence, the trial court allowed the pleadings to conform to the evidence. Thereafter, the trial court entered judgment for breach of contract damages against Blanton in the amount of $142,165.40.[3] Blanton filed a motion for rehearing or a new trial pursuant to Florida Rule of Civil Procedure 1.530 and a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b). In his motions Blanton’s attorney argued that the court erred by allowing Baltus-kouis to proceed on a claim for breach of contract when the complaint was limited to a claim for specific performance. Both motions were denied.
“ ‘The standard of review applicable to an order on a motion for new trial is abuse of discretion.’ ” Reid v. Altieri, 950 So.2d 518, 525 (Fla. 4th DCA 2007) (quoting Taylor v. Magana, 911 So.2d 1263, 1266 (Fla. 4th DCA 2005)). Similarly, this court reviews an order deciding a rule 1.540(b) motion for relief from judgment for an abuse of discretion. J.J.K. *883 Int’l, Inc. v. Shivbaran, 985 So.2d 66, 68 (Fla. 4th DCA 2008).
The law in Florida allows damages incident to granting specific performance, but limits such damages to those which will return the parties to the status quo at the time of the breach. See Walker v. Benton, 407 So.2d 305, 307 (Fla. 4th DCA 1981) (“ ‘[Damages’ awarded incident to a decree of specific performance are clearly different, from those which would be awarded for breach of the contract.”). Baltuskouis’s complaint sought only specific performance of the alleged contract. Our conclusion is supported by the complaint, as well as the trial court’s explanation at the post-judgment hearing that “Baltuskouis made a motion to conform the pleadings to the evidence, which I granted.” Accordingly, absent a properly amended complaint to include a claim for breach of contract and damages or Blan-ton’s agreement to try those claims by consent or waiver, Baltuskouis’s damages claim was limited to those damages which would return the parties to the status quo at the time of the breach and then, only if he prevailed on his specific performance claim. Id.
We next turn to whether Baltuskouis properly amended his pleading to include the claim for which he was awarded damages. State Farm Mut. Auto. Ins. Co. v. Horkheimer, 814 So.2d 1069, 1074 (Fla. 4th DCA 2001) (holding that notice of a change in the pleadings or the issues to be litigated at trial is an issue of elementary due process). On appeal Baltuskouis argues that he provided proper notice of his intent to amend his pleadings through his unilateral pretrial stipulation. He reasons that Blanton waived his right to object to the amendment of the pleadings at trial by failing to object to Baltuskouis’s unilateral pretrial stipulation and not participating in the trial.
We hardly think that there was sufficient notice of the breach of contract damages claim in this case. The only reference to the new claim prior to trial was contained in the unilateral pretrial stipulation, with no certificate of service, or other evidence of notice to Blanton that the pleadings were being amended to include a breach of contract claim. Accordingly, we conclude that a judgment on the breach of contract damages claim, about which Blan-ton was not notified, cannot stand. See id.
Turning next to whether Blanton’s failure to appear at trial constitutes his consent to the amendment, we hold that it does not and find support for our conclusion in Hollie v. Hollie, 388 So.2d 1389 (Fla. 1st DCA 1980). In Hollie, which presents a similar procedural background, the First District Court held that a party’s failure to appear at trial furnishes no basis upon which to allow the opposing party to assert a claim for affirmative relief, not previously pleaded, without notice, service of the amended pleading, and an opportunity to respond. Id. at 1390. There, the wife initiated the action for dissolution of marriage, which included a claim for alimony. Id. The husband filed an answer. Id. A final hearing was set, and just prior to the final hearing, the wife’s attorney filed a motion for continuance, explaining that the wife was scheduled to be admitted to the hospital and it was impossible for her to attend the hearing, as well as a motion to withdraw because venue had been transferred. Id. The trial court denied the motion for a continuance, but neither the wife nor her attorney appeared at the final hearing. Id. The trial court proceeded with the final hearing with the husband in attendance, and permitted him to amend his pleadings by adding a counterclaim for dissolution. Id. The trial court entered a final judgment of dissolution, which did not contain a provision concerning the wife’s alimony claims. Id. The First District reversed because the wife lacked notice of *884 the amended pleading, explaining that Florida Rule of Civil Procedure 1.190(b) could not be applied to justify the procedure followed in this case. Id.; cf. Horkheimer, 814 So.2d at 1074-75; Baron Auctioneer, Inc. v. Ball, 674 So.2d 212, 213 (Fla. 4th DCA 1996) (holding that once a party demands a trial by jury, it is improper to proceed to a bench trial simply because one of the parties fails to appear, regardless of who made the request).
In conclusion, Baltuskouis was required to give proper notice to Blanton of his intent to amend his pleading to include a claim for breach of contract. The only alternative was for Blanton to consent to the issue being tried or waive any objection. Baltuskouis failed to file a motion for leave to amend, and Blanton neither consented to the amendment, nor waived any right to object. Accordingly, we remand to the trial court with instructions to vacate the final judgment in favor of Baltus-kouis and for entry of a final judgment in favor of Blanton.
We decline to award Baltuskouis a new trial because, even assuming he presented sufficient evidence at the trial to support the final judgment for monetary damages, that evidence was not properly before the trial court where the complaint sought only specific performance. Compare Morgan Stanley & Co., Inc. v. Coleman Holdings, Inc., 955 So.2d 1124, 1131 (Fla. 4th DCA 2007) (citing Teca, Inc. v. WM-TAB, Inc., 726 So.2d 828, 830 (Fla. 4th DCA 1999)) (holding that plaintiff was not entitled to a second “bite at the apple” when there was no proof at trial concerning the correct measure of damages), with Hollie, 388 So.2d at 1390 (holding that rule 1.190(b) does not permit amendment of pleadings without notice to opponent).

Reversed and Remanded.

MAY, J., and TUTER, JACK, Associate Judge, concur.

. During the course of the pretrial proceedings, the parties' respective counsel withdrew from the case. Just before trial, Baltuskouis's attorney again appeared on his behalf and represented Baltuskouis at trial.

. The unilateral pretrial stipulation does not include a certificate of service or otherwise indicate that Blanton received a true copy of the stipulation.

.The property in question was sold at a foreclosure sale, mooting Baltuskouis's claim for specific performance and helping to explain why the trial court awarded damages instead.