DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE ALLEGRO AT BOYNTON BEACH, L.L.C.,** a Florida
Limited liability company,
Appellant,

v.

**C. BRUCE PEARSON,** an individual, and **OLSON LAND
PARTNERS, LLC,**
Appellees.

No. 4D16-4299

[October 25, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Meenu Sasser, Judge; L.T. Case No. 2015-CA-007970.

Wade McK. Hampton and Theresa M. Kenney of Duss, Kenney, Safer,
Hampton & Joos, P.A., Jacksonville, for appellant.

James S. Telepman of Cohen, Norris, Wolmer, Ray, Telepman & Cohen,
North Palm Beach, for appellee, Olson Land Partners, LLC.

GROSS, J.

This dispute is between a plaintiff, who holds a right of first refusal to
purchase real property, and a defendant property owner who failed to
honor that right. The primary issue on appeal is whether the plaintiff
made an election of remedies that prevented it from seeking specific
performance. Because we hold that the plaintiff did not make such an
election of remedies, we reverse.

## *Facts*

The Allegro at Boynton Beach, LLC held a right of first refusal to a
parcel of land owned by C. Bruce Pearson (the Seller). The Seller entered
into an agreement to sell the property to Olson Land Partners, LLC (the
Buyer), and refused to honor Allegro's right of first refusal. Allegro sued
the Seller for breach of contract seeking damages, a declaratory judgment,
injunctive relief, and specific performance. The trial court allowed the
Buyer to intervene.

Allegro moved for "Partial Summary Judgment as to Counts I and II of the Complaint for Breach of Contract and Declaratory Judgment." The last line of Allegro's memorandum of law in support of its motion reads: "*Upon election of its remedy, Allegro will be able to either seek damages, specific performance or injunction.*"

The trial court granted Allegro's motion, finding: (1) Allegro's right of first refusal remained in effect; and (2) the Seller failed to comply with Allegro's right of first refusal.

Two days later, in an attempt to evade Allegro's pursuit of its right of first refusal, the Buyer terminated the first agreement to purchase the parcel, and then signed a new agreement with the Seller to purchase the same parcel — this time at a considerably higher purchase price with a shortened inspection period. The Seller delivered the new agreement to Allegro giving it ten days to exercise its right of first refusal.

Instead, Allegro filed a "Motion for Entry of Final Judgment of Specific Performance Upon Election of Remedy." Allegro's motion was summarily denied.[1]

The Buyer filed a counterclaim for declaratory judgment followed by a motion for summary judgment on the counterclaim. The trial court granted the Buyer's motion, finding that Allegro made an election of remedies to recover damages for breach of contract, and that the original purchase agreement was no longer valid and enforceable. The court held that "other than recovering damages for the breach of the right of first refusal, Allegro has no further rights with respect to the original purchase agreement."

### *Analysis*

When a trial court grants a motion for summary judgment upon a finding that the plaintiff made an election of remedies, this court's standard of review is *de novo*. *Vasquez v. Sorrels Grove Care, Inc.*, 962 So. 2d 411 (Fla. 2d DCA 2007).

---

[1] We find no error in the denial of Allegro's motion. The order granting Allegro's motion for summary judgment established only that the Seller breached the parties' agreement. If Allegro chooses to pursue the remedy of specific performance, it bears the evidentiary burden of establishing its entitlement to this equitable remedy. *See Sunbank, N.A. v. Retirement Facility at Palm-Aire, Ltd.*, 698 So. 2d 392 (Fla. 4th DCA 1997).

The purpose of the election of remedies doctrine is to prevent double recovery for a single wrong. However, when a party elects a remedy that is unavailable, application of the doctrine serves as an instrument of injustice. For that reason, prior to imposing the doctrine, courts must carefully consider the facts of each case. *Sec. & Inv. Corp. of the Palm Beaches v. Droege*, 529 So. 2d 799, 802 (Fla. 4th DCA 1988).

Before a trial court can apply the election of remedies doctrine, it must determine whether the remedies are factually consistent. A party may not obtain judgment for two remedies that are factually inconsistent. *Barbe v. Villeneuve*, 505 So. 2d 1331 (Fla. 1987) (the remedy of triple damages for theft of purchase price was factually inconsistent with the remedy of replevin and clear title based on ownership by purchase).

Remedies are factually consistent when they "logically can coexist on the same facts." *Droege*, 529 So. 2d at 802. Remedies are factually inconsistent when one remedy "implies negation of the underlying facts necessary for the other." *Id.*

The trial court found that Allegro's damages remedy was "incompatible" with Allegro's specific performance remedy. However, Allegro's remedies in this case were factually consistent because both affirm the underlying transaction. Allegro's damages remedy affirms the transaction and seeks recompense for the Owner's breach. Allegro's specific performance remedy also affirms the transaction and seeks full performance by the Owner. *See Kelsey v. Pewthers*, 685 So. 2d 953, 956 (Fla. 4th DCA 1996) ("money damages and equitable relief are not inconsistent remedies; rather both rely on the validity of a contract and seek redress for its breach."); *Erwin v. Scholfield*, 416 So. 2d 478, 479 (Fla. 5th DCA 1982) (finding that in a breach of contract context, a seller's damages remedy is factually consistent with a seller's specific performance remedy). Because the remedies sought by Allegro rely on the same set of facts, they were factually consistent.

When remedies are factually consistent, the "mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies." *Am. Process Co. v. Fla. White Pressed Brick Co.*, 47 So. 942, 944 (1908). Where remedies are factually consistent, "only a full satisfaction of the right asserted will estop the plaintiff from pursuing her other consistent remedies." *Id.*; *see also Droege*, 529 So. 2d at 802; *Klondike, Inc. v. Blair*, 211 So. 2d 41, 42 (Fla. 4th DCA 1968) (a plaintiff is considered to have elected among consistent remedies only "where the remedy pursued results in satisfaction of the claim.").

Here, the trial court erred in finding that Allegro's motion for summary judgment on its damages claim estopped it from later electing to pursue its specific performance claim. The remedies were factually consistent and only full satisfaction of the damages claim would estop Allegro from pursuing its specific performance claim.

Allegro also argues that the trial court erred in finding that the remedy of specific performance was no longer available because the Buyer and Seller terminated the underlying purchase agreement. We agree.

When an owner enters into a contract for sale, a pre-existing right of first refusal is "converted into an irrevocable option to purchase." *Vorpe v. Key Island, Inc.*, 374 So. 2d 1035, 1037 (Fla. 2d DCA 1979); *see* 1 Williston on Contracts, §§ 5:15, 5:16, 5:18 (4th ed. May 2017). Once a holder's right of first refusal ripens into an option, the option is not affected by termination of the underlying contract. *Vorpe*, 374 So. 2d at 1037; *see also King v. Hall,* 306 So. 2d 171, 173 (Fla. 1st DCA 1975).

Here, once the Seller entered into the purchase agreement with the Buyer, Allegro's right of first refusal was converted into an irrevocable option to purchase. The Buyer's subsequent termination of the purchase agreement did not affect Allegro's option. The trial court erred in finding that the termination of the purchase agreement divested Allegro of its option to exercise its right of first refusal.

We reverse the trial court's grant of summary judgment to the Buyer and remand for further proceedings.

CIKLIN and KLINGENSMITH, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***