DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LYNNE A. LARKIN,**
Appellant,

v.

**JAY GRUTMAN,**
Appellee.

No. 4D21-28

[February 10, 2021]

Appeal from the County Court, Indian River County, Nineteenth Judicial Circuit; David C. Morgan, Judge; L.T. Case Nos. 312020SC000803 and 312020AP000005.

Lynne A. Larkin, Vero Beach, pro se.

Jay Grutman, Vero Beach, pro se.

GROSS, J.

This case arises at the intersection of Hollywood and the law.

Appellant Lynne Larkin was the plaintiff below. In small claims court, she commenced an action against Jay Grutman by filing a statement of claim. *See* Fla. Sm. Cl. R. 7.050(a). The statement of claim concerned Larkin's purchase of a 1997 Mercedes E320 automobile from Grutman. Larkin raised various legal theories of recovery, which had to do with necessary repairs to the car. According to the lawsuit, Larkin was unaware of the extent of the repairs which the car required at the time she agreed to the purchase.

In August 2020, Larkin and Grutman agreed to appear on the television show, "The People's Court." They entered into an agreement to arbitrate with the producer of The People's Court. Pursuant to that agreement, a stipulation of settlement was filed in the small claims case. It stated that the parties to the small claims suit agreed that the claim had been settled and the case would be dismissed with prejudice. In the stipulation, Larkin and Grutman released each other from liability "covering the matters in this dispute."

In the agreement to arbitrate, the parties agreed that Marilyn Milian would be the arbitrator and that the arbitration would be conducted according to rules attached to the agreement. The two litigants agreed to share in a fund "provided and paid for by the producer," which would range from $500 to "a maximum of the small claims court limit in the state in which the suit was filed," which in Florida was $5,000. The agreement details how money was to be divided if there were a verdict for the plaintiff or defendant. The agreement also provides that if both parties participated in the arbitration proceeding until the arbitrator issued a judgment, "then each participating litigant will receive an additional $500," not based on the amount awarded by the arbitrator. The agreement also contained extensive mutual releases.

After participating in The People's Court arbitration, Larkin moved to set aside the settlement agreement and dismissal, detailing her unhappiness with the procedure used by The People's Court to decide the case. For example, the motion asserts that Grutman was allowed to go first, that Larkin was not allowed to "state her case in part or in full," and that the arbitrator misunderstood or mischaracterized the evidence. Significantly, the motion contains no claim that the producers failed to honor the financial commitments specified in the agreement.

The county judge denied the motion.

On appeal, Larkin focuses on the Florida Arbitration Code, sections 682.13(1)(a)-(e), Florida Statutes (2020), but that authority is inapposite here. The agreement to arbitrate was primarily a settlement agreement; it specified compensation due to both parties of the lawsuit in return for their participation in the television show, just as actors are paid for their participation in a dramatic production. Like Florida Rule of Civil Procedure 1.540(b), Florida Small Claims Rule 7.190(b) authorizes a court to relieve a party from a final judgment, decree, or order based on the reasons listed in the rule. The standard of review of an order denying a motion for relief from judgment is an abuse of discretion. *See Blanton v. Baltuskouis*, 20 So. 3d 881, 882 (Fla. 4th DCA 2009). The Florida Supreme Court has set forth the standard for an "abuse of discretion":

> If reasonable [persons] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when [the trial judge's] decision fails to satisfy this test of reasonableness.

2

*Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980).

We have carefully reviewed the record and hold that the county court did not abuse its discretion in denying the motion to set aside the dismissal.

*Affirmed.*

CIKLIN and GERBER, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***