DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COLUMBUS574, LLC,**
Appellant,

v.

**SUSAN DEPPERT,**
Appellee.

No. 4D2025-0695

[June 24, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Brett Michael Waronicki, Judge; L.T. Case No. 562020CA001850AXXXHC.

David K. Markarian and David Rogers Glickman of Jeck Harris, Juno Beach, for appellant.

Robert Payne Summers of McCarthy, Summers, Wood, Norman, Melby & Schultz, P.A., Stuart, for appellee.

PER CURIAM.

Columbus574, LLC appeals the circuit court's order awarding supplemental damages and attorneys' fees to Susan Deppert. Columbus574 raises three issues. We find merit in all three issues and reverse.

Susan D. Deppert, Columbus574 LLC, and Columbus574's manager, Dr. Megan Davis, executed a residential sales contract for the sale of a home in St. Lucie County. Deppert sued Columbus574 for specific performance of the contract. After a non-jury trial, the circuit court entered judgment for specific performance. Columbus574 appealed. In related case, 4D2022-2243, we sua sponte concluded the order was a non-final order, and we subsequently dismissed it for lack of prosecution.

After the dismissal, the trial court ordered Columbus574 to transfer the property to Deppert pursuant to the earlier judgment. A separate appeal was filed, in 4D2023-0093, and we affirmed the order requiring the transfer of the residence. Once again, the case returned to the circuit

court and Deppert requested judicial notice of three deed transfers from Columbus574 to Zambezi Ann, LLC in assets. Deppert also moved for a pre-judgment writ of attachment, asserting that she was the prevailing party entitled to supplemental relief damages, attorney's fees, and costs.

Relevant to this appeal, the circuit court held a hearing on Deppert's motion for attorney's fees and costs. The parties stipulated to entitlement but reserved argument for the type and amount of relief awarded. Following a hearing, the circuit court awarded Deppert mortgage interest, rents and profit, property insurance, interest on amounts previously adjudicated, additional mortgage interest, additional rents, closing costs, and prorated taxes. These supplementary damages totaled $138,850.32. The circuit court also determined Deppert was entitled to a 2.0 contingency fee multiplier, finding for an additional $320,620.00 in attorney's fees.

First, Columbus574 argues no basis existed for a contingency fee multiplier. The parties disagree as to whether the 2023 amendments to section 57.104(2), Florida Statutes, apply.[1] We do not address the amendment's applicability because a multiplier was inappropriate under both the pre- and post-2023 versions of section 57.104(2). At a minimum, the contingency fee multiplier award requires the pre-existence of a contingency fee agreement. Additionally, under *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985), and *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990), a party must show that a contingency fee multiplier was needed to obtain competent counsel. *See, e.g., Sumner Grp., Inc. v. M.C. Distributec, Inc.*, 949 So. 2d 1205, 1207 (Fla. 4th DCA 2007) (quoting *Quanstrom*, 555 So. 2d at 834).

In this case, Deppert's counsel repeatedly disclaimed that he and Deppert had a contingency fee arrangement. He testified, "I did not take this case on as a contingency fee case. I did not expect it to be a contingency case. I did not expect it to be a lawsuit." Furthermore, although counsel's expectation for a quick resolution proved incorrect, our Florida Supreme Court has explained that "the contingency fee multiplier, which is intended to incentivize the attorney to take a potentially difficult or complex case, is properly analyzed through the same lens as the

---

[1] Section 57.104, Florida Statutes, was amended in 2023 to add "a strong presumption that a lodestar fee is sufficient and reasonable." This presumption "may be overcome only in a rare and exceptional circumstance with evidence that competent counsel could not otherwise be retained." *See* Ch. 2023-15, § 57.104, Laws of Fla.

attorney when making the decision to take the case." *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1133 (Fla. 2017). Therefore, without a contingency fee agreement or a showing that a multiplier was needed to obtain competent counsel, a multiplier award was improper. We reverse the circuit court's multiplier award.

Second, Columbus574 argues the circuit court erred in awarding mortgage interest. "The law in Florida allows damages incident to granting specific performance but limits such damages to those which will return the parties to the status quo at the time of the breach." *Blanton v. Baltuskouis*, 20 So. 3d 881, 883 (Fla. 4th DCA 2009). The record shows that Deppert did not secure a mortgage. As a result, she was not required to pay mortgage interest.

Finally, Columbus574 challenges the inclusion of post-judgment interest from the date of the non-final order entered in case 4D2022-2243. The parties agree Deppert was not entitled to post-judgment interest on the non-final order. Instead, Deppert argues the award qualifies as pre-judgment interest. "[A] plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-of-pocket loss at some date prior to the entry of judgment." *Alvarado v. Rice*, 614 So. 2d 498, 499 (Fla. 1993). Because we cannot determine if the circuit court intended to award pre-judgment or post-judgment interest, we reverse and remand to allow the circuit court to clarify.

In conclusion, we reverse the circuit court's award of a contingency fee multiplier, mortgage interest, and post-judgment interest. We remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

KUNTZ, C.J., LEVINE and SHAW, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

3