HILL, Appellant,

v.

B.F. GOODRICH COMPANY et al., Appellees.

[Cite as *Hill v. B.F. Goodrich Co.* (1995), 105 Ohio App.3d 487.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–94–59.

Decided Aug. 2, 1995.

488

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, for appellant.

Vorys, Sater, Seymour & Pease and Elizabeth T. Smith, for appellee B.F. Goodrich Co.

Betty D. Montgomery, Attorney General, and Dennis Hufstader, Assistant Attorney General, for appellee, Patrick G. Mihm, Administrator.

HADLEY, Judge.

This is an appeal from an October 25, 1994 judgment entry of the Common Pleas Court of Marion County finding that there is no genuine issue of material fact that appellant's claim for the additional workers' compensation allowance of a psychiatric condition described as aggravation of preexisting dysthymic disorder or major depression is barred by the statute of limitations set forth in R.C. 4123.84 and granting summary judgment in favor of appellee B.F. Goodrich Co. and against the appellant Ralph Hill.

Appellant slipped in oil while at work for appellee as a machine operator on July 26, 1982. He filed a claim for workers' compensation which was allowed for lumbar strain. He later returned to work but subsequently claimed he was unable to continue working and has not returned to work since October 1984.

On February 16, 1988, appellant filed a motion with the Industrial Commission to have it consider the allowance of the psychiatric condition "major depression" as a part of his original workers' compensation claim. The claim was allowed by the Industrial Commission for aggravation of preexisting dysthymic disorder as a result of his original industrial injury. Appellee B.F. Goodrich Company filed an appeal with the common pleas court which granted a motion of appellee for summary judgment on September 2, 1993, on the basis that appellant had not

complied with the two-year statute of limitations set forth in R.C. 4123.84. Appellant then appealed to this court for the first time.

We reversed the trial court's first grant of summary judgment, finding that the record did not set forth whether "major depression" and "dysthymia" are separate medical conditions and that reasonable minds could come to more than one conclusion based upon the record before us at that time concerning whether appellant's application was within the two-year statute of limitations set forth in R.C. 4123.84. The dispositive issue at that time appeared to be whether appellant knew or should have known that his back injury caused his additional condition of "major depression." The cause was remanded for further proceedings in that regard.

On remand, appellee took the deposition of Dr. John M. Showalter and again filed its motion for summary judgment based only upon this additional evidence. The trial court again granted summary judgment for appellee and this appeal resulted.

Appellant sets forth the following assignments of error:

### ASSIGNMENT OF ERROR NO. 1

"The trial court erred in granting summary judgment where there is no evidence that Mr. Hill knew or should have known that he had developed a residual (flow through) psychiatric condition more than two years before he filed for the condition."

### ASSIGNMENT OF ERROR NO. 2

"The trial court erred in granting summary judgment where there is no evidence that Mr. Hill knew or should have known that he had developed a residual (flow through) psychiatric condition and that it was related to his original injury more than two years before he filed for the condition."

### ASSIGNMENT OF ERROR NO. 3

"The trial court erred in granting summary judgment where fact questions exist as to whether Mr. Hill's claim for a residual (flow through) psychiatric condition was timely filed."

### ASSIGNMENT OF ERROR NO. 4

"The trial court erred in granting summary judgment on the issue of whether Mr. Hill knew or should have known that he had developed a residual (flow through) psychiatric condition more than two years before he filed for the condition when this court had reversed an earlier grant of summary judgment and held that the matter was one on which reasonable minds could differ. The

grant of summary judgment on an issue which had previously been decided by this court violated the law of the case doctrine."

## ASSIGNMENT OF ERROR NO. 5

"The trial court erred in granting summary judgment on the issue of whether Mr. Hill knew or should have known that he had developed a residual (flow through) psychiatric condition in violation of Ohio Revised Code Section 4123.95 which requires liberal construction of the workers' compensation law in favor of claimant."

As all of the assignments are interrelated, they will be treated together.

The issue seems now to be whether the deposition of Dr. Showalter, which is the only evidence added after this court reversed the trial court's initial granting of summary judgment, is sufficient to fill the gaps that were present during the first appeal, for the law-of-the-case doctrine would bar the trial court from again granting the summary judgment based upon the same evidence without providing new evidence for consideration.

We find that the deposition of Dr. Showalter did add needed information regarding the symptoms of "major depression" and "dysthymia":

"Q. And in 1985, is it fair to say dysthymia and depression were pretty much interchangeable terms?

"A. Yes, yes.

"Q. Okay. Now, let me—when you talk about a condition described as major depression—

"A. Okay.

"Q. —do major depression and dysthymia have the same symptoms?

"A. The symptoms are pretty much identical, yes.

"Q. What is the—what is the difference between the two?

"A. The biggest difference is really the severity of the condition, major depression being more severe, more acute than chronic—than dysthymic disorder.

"Dysthymic disorder may develop into major depression. In other words, someone can have kind of a low grade depression for a year or so and then suddenly, for sometimes unexplainable reasons, they get very depressed and it turns into a major depression. But the main difference between the two is severity and chronicity."

In addition, we find that the deposition of Dr. Showalter set the time frame regarding appellant's knowledge of the condition when he evaluated the appellant in 1984:

"Q. And when you evaluated Mr. Hill in 1984, and I think I misspoke earlier and said '85, but in '84, could you tell from your evaluation when he started feeling depressed?

"A. Well, my best conclusion in reviewing the report, it's likely to have occurred probably onset being sometime after his back surgery. Could have been a little bit of onset when he was first injured, the first injury being in 1972.

"But typically the patients I see, especially if they're injured a second time and have surgery and maybe don't get real good response to the surgery, they begin to have some self doubts, begin to get discouraged, get back to the level of functioning that existed prior to the injury.

"And, you know, I don't have details to substantiate that, but in reviewing Mr. Hill's record, it would be fairly typical of many patients I had seen in the same category. So probably from the time he went back to work in 1978 up until 1982 when he was injured a third time, I guess, work related injury, he was probably beginning to get depressed and discouraged.

"And we know specifically because he stated to me about being depressed since he's been unemployed, and apparently he last worked in October of '83, so probably began to develop and then—then became more severe when he suddenly couldn't work.

" * * * *

"Q. What did Mr. Hill tell you or relate to you as to what was the cause of his depression, the cause of his feeling blue?

"A. Well, I know that he mentioned about being depressed because he was unemployed. As I say, that's in the second paragraph there on the second page. And that would be a typical pattern of people that I have seen in people that are injured and no longer able to work. I did not, in reviewing the report, see anything that necessarily related it to—to anything that happened in the past. I'm not sure when he was divorced here, but—

"Q. Did he indicate to you why he—his employment was terminated in his view?

"A. He said he was let go because of ongoing medical problems. That's the second paragraph on Page 1 there.

"Q. And what was your understanding of what those medical problems were?

"A. Well, he had several back injuries. He related to me his first injury was in 1972. He reinjured his back in 1975, had back surgery in 1976. He was off for a year and a half. He went back to work and worked up until 1982 when he reinjured his back and these were—at one point in here, I related a diagnosis.

"It looks like, bottom of—in the third paragraph, Page 1, medical reports available. And oftentimes when I get referrals from attorneys or other sources, they'll send me medical reports. Lumbosacral strain, degenerated L5 disc and headaches unrelated to problem, possibly migraine in origin. So apparently he had a lumbosacral strain.

"Q. So did Mr. Hill relate to you that he was—was depressed because of his back condition, at least in part?

"A. It would appear that that certainly had a fair amount to do with it, yeah, his back condition. If he's in pain—he did indicate he was in pain, and often pain and depression go hand in hand."

This testimony by Dr. Showalter indicates that appellant was depressed in 1984, more than two years before the filing of his motion for additional compensation in 1988, and that he had reason to know or actually did know that the depression was related to his 1982 injury.

The assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.