MYERS, Appellant,

v.

GOODWILL INDUSTRIES OF AKRON, INC., Appellee.

[Cite as *Myers v. Goodwill Industries of Akron, Inc.* (1998), 130 Ohio App.3d 722.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18970.

Decided Dec. 16, 1998.

*Sally D. Henning* and *Nancy Grim,* for appellant.

*Michele Morris,* for appellee.

SLABY, Presiding Judge.

Plaintiff–appellant, Theresa Myers, appeals an order of the Summit County Court of Common Pleas that granted summary judgment in favor of defendant–appellee, Goodwill Industries of Akron ("Goodwill"), on Myers's negligent-retention claim. We affirm.

Myers was hired as a security coordinator by Goodwill on June 3, 1991. She was later promoted to the position of cashier coordinator. Terry McCarty and Gina Shook were Myers's supervisors. Goodwill eliminated Myers's position in 1993 as part of a reduction in force. She continued to work for Goodwill in a temporary capacity for several months, then obtained employment as a nurse's aid. Myers alleged that during her employment at Goodwill, McCarty engaged in a prolonged pattern of abuse and harassment toward her, including demeaning her in front of fellow employees, yelling at her, and making conflicting job demands.

On September 16, 1994, Myers filed a complaint against Goodwill alleging sex and age discrimination and negligent retention of Terry McCarty. Myers averred that McCarty acted improperly in his relationships with employees to a degree that constituted "malice and reckless disregard" for the rights of Myers and other employees. Myers also alleged that Goodwill retained McCarty in a supervisory capacity despite knowledge of his misconduct. On October 10, 1995, Goodwill moved for summary judgment. The trial court granted summary judgment in favor of Goodwill. Myers appealed, and on August 6, 1997, this court affirmed the decision of the trial court with respect to Myers's sex- and age-discrimination claims, but reversed on Myers's negligent-retention claim and remanded the case to the trial court.

On remand, Goodwill moved for summary judgment again. Myers responded and filed a cross-motion for summary judgment. On February 2, 1998, the trial court granted Goodwill's motion for summary judgment and denied Myers's motion. Myers timely appealed and has raised three assignments of error.

## ASSIGNMENT OF ERROR I

■ "The trial court erred in granting summary judgment contrary to the doctrine of the law of the case."

Myers argues that the prior decision of this court precluded the trial court from granting summary judgment in favor of Goodwill on remand. We disagree.

Summary judgment is appropriate when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192. Because the propriety of a trial court's decision granting summary judgment is a matter of law, our review is *de novo*. *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 267, 610 N.E.2d 1061, 1063–1064. All facts must be construed in favor of the nonmoving party. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686, 653 N.E.2d 1196, 1201–1202.

The moving party "bears the initial burden of informing the trial court of the basis for the motions, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1171. In doing so, the moving party must point to evidentiary materials, including " 'the pleading, depositions, answers to interrogatories, writ-

ten admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' " *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273, quoting Ohio Civ.R. 56(C).

Once the moving party has complied with its evidentiary burden, the nonmoving party has a reciprocal burden to comply with Civ.R. 56(E) by producing evidence to demonstrate genuine issues of material fact. *Vahila v. Hall*, 77 Ohio St.3d at 429, 674 N.E.2d at 1170–1171. When a motion for summary judgment is supported as required by Civ.R. 56, the nonmoving party " 'may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial.' " *Dresher v. Burt*, 75 Ohio St.3d at 293, 662 N.E.2d at 274, quoting Civ.R. 56(E). See *Phares v. Midway Mall Dev. Corp.* (Apr. 29, 1998), Lorain App. No. 97CA006814, unreported, at 8–9, 1998 WL 208826.

In *Myers v. Goodwill Industries of Akron, Inc.* (1997), 122 Ohio App.3d 294, 701 N.E.2d 738 ("*Myers I* "), this court reversed a prior order of the trial court granting summary judgment to Goodwill on Myers's negligent-retention claim. In doing so, we held that Goodwill had failed to meet its evidentiary burden as movant by pointing to Civ.R. 56(C) evidence to demonstrate the absence of genuine issues of material fact on the essential elements of Myers's claim. *Id.* at 300, 701 N.E.2d at 742. Specifically, we observed:

"[A] movant's conclusory assertions of no evidence against the nonmovant are insufficient * * * to support summary judgment in the movant's favor. * * * Goodwill has failed to point specifically to Civ.R. 56 evidence demonstrating Myers's utter lack of evidence to support her claim * * *." *Id.* at 300, 701 N.E.2d at 742.

Under the doctrine of the law of the case, "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case," absent extraordinary circumstances, such as an intervening decision by the Supreme Court. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus. Where the issues before the trial court on remand are substantially similar to those involved in the prior appeal, the trial court is bound to follow the determination of the law as found by the appellate court. *Id.* at 3, 11 OBR at 2–3, 462 N.E.2d at 412–413. This court's holding in *Myers I* was confined to Goodwill's failure to meet its evidentiary burden as movant. Accordingly, we reversed without conducting a *de novo* review of whether Goodwill was entitled to summary judgment.

A party to litigation may move for summary judgment "at any time" during the proceedings. Civ.R. 56(B) and (C). As our prior holding did not restrict the trial court's ability to consider a subsequent motion for summary judgment from

Goodwill, the law-of-the-case doctrine is inapplicable. Myers's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"The trial court erred in granting summary judgment on [Myers's] claim for negligent retention on the basis that [Myers] had no evidence demonstrating tortious or criminal behavior taken against her by the offending employee."

## ASSIGNMENT OF ERROR III

"The trial court erred in granting [Goodwill] summary judgment on the claim of negligent retention because of [Myers's] failure to demonstrate loss of wages and/or benefits."

In Myers's second and third assignments of error, she has argued that the trial court improperly granted summary judgment for Goodwill on her negligent-retention claim. Because resolution of Myers's arguments turns on the nonmovant's evidentiary burden under Civ.R. 56(E), our discussion of these assignments of error is consolidated.

In *Kerans v. Porter Paint Co.* (1991), 61 Ohio St.3d 486, 575 N.E.2d 428, the Supreme Court of Ohio recognized that employee claims derived from sexual harassment·in the workplace are actionable against an employer. Specifically, the court stated:

"Where a plaintiff brings a claim against an employer predicated upon allegations of workplace sexual harassment by a company employee, and where there is evidence in the record suggesting that the employee has a past history of sexually harassing behavior about which the employer knew or should have known, summary judgment may not be granted in favor of the employer, even where the employee's actions in no way further or promote the employer's business." *Id.* at paragraph two of the syllabus.

The court also explained:

"An employer has a duty to provide its employees with a safe work environment and, thus, may be independently liable for failing to take corrective action against an employee who poses a threat of harm to fellow employees * * *. [W]here an employer knows or has reason to know that one of his employees is sexually harassing other employees, he may not sit idly by and do nothing." *Id.* at 493, 575 N.E.2d at 433.

Where there is an actionable legal claim against an employee based on a pattern of behavior that poses a risk of harm to fellow employees, a claim against the employer for negligent retention may lie if the employer knew of the behavior

but failed to act and the failure to act resulted in injury to an employee. See *id.* at 491–493, 575 N.E.2d at 432–434. The holding in *Kerans* was limited to actions against an employer based on underlying sexual harassment by a fellow employee. We decline plaintiff's invitation to extend this holding to other instances of underlying misconduct in the absence of any indication that the Supreme Court intended to do so.

Assuming, *arguendo*, that the holding in *Kerans* may be extended to underlying conduct other than sexual harassment, Myers's claim would still be meritless. The *Kerans* court explained the rationale for its holding by observing:

"[T]his court has never applied [the employer-intentional-tort analysis] to purely emotional injuries which have psychological, but no physical, consequences. * * * [The tort of sexual harassment] was not under consideration when the test was formulated. * * * [T]here is no legitimate policy reason for subjecting a plaintiff who experiences sexual harassment in the workplace to * * * heightened intent standards * * *." *Kerans v. Porter Paint Co.*, 61 Ohio St.3d at 495, 575 N.E.2d at 435.

This leads to the conclusion that, contrary to Myers's contention, there must be tortious conduct by an employee that results in a "purely emotional injur[y] which ha[s] psychological, but no physical, consequences." *Id.*

In *Myers I*, this court affirmed summary judgment in favor of Goodwill on Myers's sex- and age-discrimination claims. As a matter of law, Myers's sex- and age-discrimination claims cannot now serve as the tortious conduct underlying her negligent-retention claim. Alternatively, Myers appears to rely on intentional infliction of emotional distress by McCarty as the conduct underlying her negligent-retention claim. To prove intentional infliction of emotional distress, a plaintiff must demonstrate (1) that the defendant intended to cause the plaintiff to suffer serious emotional distress, (2) that the conduct of the defendant was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of serious emotional injury. *Phung v. Waste Mgt., Inc.* (1994), 71 Ohio St.3d 408, 410, 644 N.E.2d 286, 289. The law recognizes that plaintiffs must be hardened to a considerable degree of inconsiderate, annoying, and insulting behavior. *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 374, 6 OBR 421, 425–426, 453 N.E.2d 666, 670–671. Behavior that rises to the level of intentional infliction of emotional distress must be more than aggravating. Only conduct that is truly outrageous, intolerable, and beyond the bounds of decency is actionable. *Id.*

Goodwill argued in its motion for summary judgment that there were no genuine issues of material fact relative to Myers's negligent-retention claim and that she was unable to establish the elements of a negligent-retention claim.

Goodwill referred to portions of Myers's deposition and answers to interrogatories as well as her amended complaint to demonstrate that she did not allege conduct on the part of McCarty sufficient to constitute intentional infliction of emotional distress. Specifically, Goodwill pointed to Myers's own descriptions of the conduct that she characterized as outrageous. As Myers phoned 911 during a medical emergency in the store, McCarty yelled at her for being on the phone. Later he criticized her for not locating a manager when the emergency occurred. Myers also identified an incident in which McCarty and Myers had a disagreement about plans to display leather coats in the store and an occasion when McCarty intervened to conduct a meeting in Myers's place. She cited frequent criticism by McCarty and opined that his goal was to humiliate her into leaving her job.

In responding to Goodwill's motion for summary judgment, Myers did not meet her reciprocal burden to demonstrate issues of fact with reference to the essential elements of her claim. No evidentiary materials of the type contemplated by Civ.R. 56 were cited by or attached to her memorandum. Myers relied on the bare allegation that her claim was supported by substantial evidence that could lead a jury to resolve the claim in her favor. She did not point to evidence that would demonstrate that McCarty's conduct rose to the level of intentional infliction of emotional distress. Her allegations, standing alone, are insufficient. While Myers did refer to Civ.R. 56 materials in her brief before this court, our review is limited to those evidentiary materials submitted in the trial court. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus; *Loeschner v. Clark Material Handling Co.* (Sept. 16, 1998), Lorain App. No. 97CA006856, unreported, at 13, fn.1, 1998 WL 646661. Because Myers failed to comply with Civ.R. 56(E) by producing evidence demonstrating a genuine issue for trial, summary judgment must be affirmed. Civ.R. 56(E).

Accordingly, Myers's second and third assignment of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and REECE, JJ., concur.