Because I conclude that summary judgment was appropriate on each element of the appellee's claim, I would affirm the judgment of the trial court. I respectfully dissent from those portions of the majority opinion that conclude that the appellant raised genuine issues of material fact so as to preclude summary judgment.
Summary judgment "must be awarded with caution, * * * and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion." Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-59, quoting Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1,2. The general policy favoring the decision of cases on the merits, however, must not discourage the appropriate use of summary judgment. "The availability of this procedure and the desirability of its aims are so apparent that its use should be encouraged in proper cases."North v. Penna. Rd. Co. (1967), 9 Ohio St.2d 169, 171.
As noted by the majority, summary judgment may only be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. This court has summarized the relative burdens placed on the moving and nonmoving parties as follows:
 The moving party "bears the initial burden of informing the trial court of the basis for the motions, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429. In doing so, the moving party must point to evidentiary materials, including "`the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.'" Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, quoting Ohio Civ.R. 56(C). Once the moving party has complied with its evidentiary burden, the nonmoving party has a reciprocal burden to comply with Civ.R. 56(E) by producing evidence to demonstrate genuine issues of material fact. Vahila v. Hall, 77 Ohio St.3d at 429. When a motion for summary judgment is supported as required by Civ.R. 56, the nonmoving party "`may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial.'"
Myers v. Goodwill Industries of Akron, Inc. (1998), 130 Ohio App.3d 722,725-26. In order to avoid summary judgment, therefore, the nonmoving party must make a genuine demonstration of facts in dispute. This demonstration must point to disputes that are "real, not abstract, frivolous, or merely colorable * * * [and] that can be sustained by substantial evidence." Weber v. Antioch Univ. (Mar. 8, 1995), Greene App. No. 94-CA-83, unreported, 1995 Ohio App. LEXIS 1010, at *5.
A party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient for this purpose. See, e.g., Huffman v. Timken Co. (Nov. 7, 1990), Wayne App. No. 2560, unreported, 1990 Ohio App. LEXIS 4941. In other words, when the moving party puts forth evidence tending to show that there are no genuine issues of material fact, the nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party. To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate "the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial." Kulch v. Structural Fibers, Inc.
(1997), 78 Ohio St.3d 134, 170 (Cook, J., concurring in part and dissenting in part).
This is not to deny that there are matters to which the nonmoving party is uniquely qualified to offer testimony. See, e.g., Hood v. Diamond Products,Inc. (1996), 74 Ohio St.3d 298, 303-04 (concluding that a plaintiff's sworn statements with respect to the nature of her physical condition, including the extent of her pain and suffering, were admissible in opposition to a motion for summary judgment and did not require supplementation with expert testimony); PremierBank Trust v. Andras
(Dec. 22, 1999), Lorain App. No. 98CA007115, unreported (concluding that in response to a motion for summary judgment "owners are presumed to be familiar with their own property, [and] they may be permitted to testify with respect to the value of property without being qualified as an expert."). However, this is not the rule with respect to every party or every claim.
In this case, the appellants' own affidavits, standing alone, are insufficient to submit genuine issues of material fact so as to require a trial. The majority has concluded that conflicts in the amount owed as stated in Bank One's affidavits are sufficient to demonstrate a material issue of fact precluding summary judgment on that matter. However, the amount due and owing was not an issue in this case. Therefore, the variations in the amount that Bank One contends the Burkeys owe does not preclude summary judgment from being granted. Accordingly, I would affirm the judgment of the trial court in all respects. I respectfully dissent.