In this appeal, we have a common pleas court that dismissed an appeal of an administrative agency decision upon the ground that the court lacked jurisdiction to hear the appeal because it was not timely filed. Moreover, we have this appellate court in a prior proceeding reversing the aforementioned trial court judgment for the reason that said judgment was not supported by sufficient evidence. The issue before us now may be simply stated: Can the trial court consider additional evidence to again conclude that it must dismiss the cause before it because it lacked jurisdiction? My colleagues answer that question in the negative pursuant to the doctrine of law of the case. As I reach a different conclusion, I respectfully offer this dissent.
The law of the case doctrine states, "where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." Nolan v.Nolan (1984), 74 Ohio St.3d 402, 404.
Our prior decision in this case merely opined that a notation is not enough to show date of mailing. Thus, we found that the court erred in dismissing for lack of jurisdiction. We did not say that the trial court had jurisdiction. We just stated that the court should not have relied on a notation to establish a lack of jurisdiction. Hence, the trial court did not fail to adhere to our determination of the applicable law when it refused to ignore evidence that it lacked jurisdiction.
Further, on remand, the court was not "confronted with substantially the same facts and issues." For the first time, the court received date of mailing certifications which purportedly demonstrated the untimeliness of the administrative appeal, and hence its lack of jurisdiction.
Additionally, multiple courts have addressed an analogous issue by holding that when an appellate court reverses a trial court's decision granting summary judgment (because the movant failed to present sufficient evidence to meet its burden), the movant may move for summary judgment again, submit additional evidence, and properly be awarded summary judgment. These courts hold that the law of the case doctrine does not bar the subsequent motion for summary judgment. See, e.g., Myersv. Goodwill Indus. of Akron, Inc. (1998), 130 Ohio App.3d 722, 725
(specifically refusing to apply the law of the case doctrine to preclude the court from considering additional evidence on remand); Hill v. B.F.Goodrich Co. (1995), 105 Ohio App.3d 487, 490 (noting that law of the case was inapplicable because additional evidence in the form of a deposition was presented on remand). See, also, William v. Akron (2001),141 Ohio App.3d 724, 728; Kaechele v. Kaechele (1991), 72 Ohio App.3d 267,271; Hood v. Diamond Prods., Inc. (Mar. 1, 2000), Lorain App. No. 98CA7278, unreported; Ondak v. Moore (Dec. 29, 1994), Cuyahoga App. No. 66794, unreported (applying law of the case only because the lower court was faced with substantially the same evidence on remand as no additional evidence was submitted).
In fact, this court upheld a case where summary judgment was granted after we reversed the prior summary judgment. Leonard v. Bank OneYoungstown (Dec. 24, 1997), Mahoning App. No. 96CA42, unreported (Waite, J. for the majority). The nonmovant alleged that our prior reversal barred subsequent summary judgment by res judicata. We noted that the movant supported its second motion with affidavits and other documents, and we then upheld the subsequent grant of summary judgment. We did not apply law of the case doctrine. See, also, Wagner v. Galipo (1990),50 Ohio St.3d 194, 195 (where it seems that the Court would have mentioned law of the case in support of its holding if such applies in these situations). I fail to see the distinction made by the majority between the above summary judgment cases and the case at bar. In fact, as aforementioned, many of these cases specifically rely on the law of the case doctrine even though they are cases of summary judgment.
The law of the case doctrine requires that a legal pronouncement be made and followed. Considering additional evidence on remand does not go against the previously announced legal pronouncement. Law of case would mean, for instance, that the trial court could not dismiss again based solely on the notation as evidence for the date of mailing. The language in Hubbard ex rel. Creed v. Sauline (1996), 74 Ohio St.3d 402, which explains one instance of the use of the law of the case doctrine, is not applicable to this case. When stating that a litigant is precluded from relying on arguments "at a retrial which were fully pursued, or available to be pursued, in a first appeal," the Court is referring to the situation where a party fails to appeal on an issue that was determined by the trial court but still tries to raise it on remand and in the next appeal.
Moreover, as the majority notes, subject matter jurisdiction can be raised at any stage of the proceedings. Proctor v. Giles (1980),61 Ohio St.2d 211, 212. If a court lacks jurisdiction, then its decision is void. Thus, all arguments set forth above are even stronger when applied to this jurisdictional case.
Finally, any mention of issue preclusion by the majority would also fail under the preceding rationales. Furthermore, the doctrine of issue preclusion requires the issue to be actually litigated and determined and refers to a second action. Fort Frye Teachers Assoc. v. State Emp. Rel.Bd. (1998), 81 Ohio St.3d 392, 395. Cf. Sauline, 74 Ohio St.3d at 404-405
(an earlier case). Here, we have the same action, and the specific issue was not actually litigated or determined by any court. No court determined that jurisdiction existed, and no court evaluated whether the certifications of mailing established a lack of jurisdiction.
For all of the foregoing reasons, the trial court properly considered the evidence presented to it on remand concerning its lack of jurisdiction. The trial court judgment dismissing the action for lack of jurisdiction should be affirmed. Accordingly, I hereby dissent.