[Cite as *Fry v. Speelman*, 2017-Ohio-5478.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

JAMES R. FRY, et al.

    Appellees/Cross-Appellants

    v.

GRACE A. SPEELMAN

    Appellant/Cross-Appellee

C.A. No.     16AP0001

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2014 CVC-H 000512

DECISION AND JOURNAL ENTRY

Dated: June 26, 2017

---

HENSAL, Presiding Judge.

{¶1}    Grace A. Speelman appeals from the judgment of the Wayne County Court of Common Pleas that granted summary judgment in favor of James and Dianne Fry. The Frys filed a cross-appeal, challenging part of the trial court's judgment. For the reasons that follow, we reverse and remand the matter for further proceedings consistent with this decision.

I.

{¶2}    This appeal concerns a right of first refusal and a landowner's alleged failure to abide by its terms. James Fry is Grace Speelman's nephew by marriage. In 2004, Mr. Fry and his wife purchased over 81 acres of farmland from Ms. Speelman. As a condition to that purchase, the parties executed a right of first refusal pertaining to an adjoining 8.47 acres of land, which the parties refer to as the "Frontage."

{¶3}    The right of first refusal provided, in part, that if Ms. Speelman desired to sell the Frontage (or any portion thereof), she had to first notify the Frys in writing, who would then

have the option to purchase it for $10,000 per acre ("Option I"). If the Frys opted not to purchase the Frontage on those terms (or if they did not respond to the notice within 30 days), Ms. Speelman had the right to offer the Frontage (or any portion thereof) to a third-party purchaser. If she received a bona fide written offer that she was willing to accept, she was then required to provide a copy of that offer to the Frys, who would then have the right to purchase the Frontage on those terms, or refuse ("Option II").

{¶4} In 2014, Ms. Speelman transferred[1] the Frontage to her grandson, Michael Maurer, and his wife. There is no dispute that Ms. Speelman did not give the Frys the opportunity to purchase the Frontage before transferring it to the Maurers. Upon learning of the transfer through a newspaper, the Frys contacted the attorney who drafted the right of first of refusal. That attorney sent a letter to the attorney involved with the Maurer transaction. The letter explained that Ms. Speelman and the Frys executed a right of first refusal, and advised that the Frys wished to exercise their rights thereunder by purchasing the Frontage from the Maurers for $25,000 (the amount they believed the Maurers paid or agreed to pay Ms. Speelman).

{¶5} When Ms. Speelman learned of the letter, she had the Maurers transfer the Frontage back to her "as quickly as [they] could." The Frys filed suit shortly thereafter against Ms. Speelman and the Maurers, requesting, in part, that the trial court: (1) declare that they were entitled to exercise their rights under the right of first refusal; and (2) order Ms. Speelman and the Maurers to transfer the Frontage to them for no more than $25,000. Ms. Speelman filed a counterclaim, seeking a declaratory judgment as to the rights and obligations conferred by the

---

[1] The parties dispute whether Ms. Speelman sold the Frontage to the Maurers, or whether it was a donative transfer. We need not decide whether the transfer was by gift or by sale, as doing so is not necessary for purposes of our disposition of this appeal. We, therefore, use the term "transfer" in a general sense without intending to assign it legal significance.

right of first refusal. The Maurers were later dismissed as parties on the basis that they no longer had any interest in the Frontage.

{¶6} The Frys moved for summary judgment, arguing that no genuine issue of material fact remained, and that they were entitled to specific performance under Option II, arguing that the court order the Frontage transferred to them for the sum of $25,000. Ms. Speelman also moved for summary judgment, arguing, in part, that because she never received a written offer from the Maurers, the right of first refusal under Option II was never triggered.

{¶7} The trial court denied Ms. Speelman's motion, dismissed her counterclaim, and granted summary judgment in favor of the Frys. In doing so, the trial court determined that the transfer of the Frontage to the Maurers triggered the right of first refusal, and that Ms. Speelman should have given the Frys the opportunity to purchase the Frontage under Option I for $84,700 ($10,000 per acre). Its order states, in part:

> [The Frys'] motion for summary judgment is granted. Judgment for [the Frys] in that they may offer [Ms. Speelman] $84,700 for the property and [Ms. Speelman] must accept the offer, if forthcoming. If no offer is forthcoming, [Ms. Speelman] may offer the property to a third-party and the Frys will have the option of matching the offer or [Ms. Speelman] may decline to offer the property to a third-party.

{¶8} Ms. Speelman now appeals, raising two assignments of error for our review. The Frys have cross-appealed, raising one assignment of error. For ease of consideration, we will address Ms. Speelman's assignments of error together.

## II.

### MS. SPEELMAN'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT ON THE FRYS' CLAIM FOR SPECIFIC PERFORMANCE AND DENIED MRS. SPEELMAN'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THE TRANSFER OF THE PROPERTY TO THE MAURERS

TRIGGERED THE RIGHT OF FIRST REFUSAL UNDER PARAGRAPH 2.01(a) OF THE AGREEMENT.

MS. SPEELMAN'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT ON THE FRYS' CLAIM FOR SPECIFIC PERFORMANCE AND ORDERED THAT MRS. SPEELMAN MUST ACCEPT THE FRYS' OFFER OF $84,700 FOR THE DISPUTED PROPERTY, IF FORTHCOMING, BECAUSE SUCH A RESULT IS HARSH AND OPPRESSIVE AND THERE IS NO EVIDENCE THAT THE FRYS HAVE BEEN DAMAGED BY THE RESCINDED TRANSFER.

{¶9}  In her first assignment of error, Ms. Speelman argues that the trial court erred when it denied her motion for summary judgment and entered judgment in favor of the Frys. She argues that the transfer of the Frontage to the Maurers did not trigger the right of first refusal under Option I because she never desired to sell the Frontage to the Maurers. In her second assignment of error, Ms. Speelman argues that the trial court erred by ordering specific performance because such a result is harsh and oppressive. As explained below, we need not address the merits of Ms. Speelman's arguments because the trial court lacked authority to order specific performance under Option I.

{¶10}  "A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), syllabus. Relatedly, "[a] trial court cannot grant summary judgment on grounds not raised[.]" *Huntington Natl. Bank v. Calvert*, 9th Dist. Summit No. 25684, 2012 -Ohio- 2883, ¶ 20.

{¶11}  Here, the Frys requested specific performance under Option II, that is, to allow them to purchase the Frontage under the same terms as the Maurer transaction. They made this request in their motion for summary judgment no less than seven times. Nowhere in their motion did the Frys request that the trial court order specific performance under Option I.

Indeed, Ms. Speelman acknowledged this in her own motion for summary judgment,[2] stating that "[the Frys] are not arguing for a right to purchase the property for $84,700, as provided [under Option I]. Instead, they seek to * * * purchase the property * * * [under Option II]." In their response to her motion, the Frys asserted that the trial court should order specific performance under Option I or Option II. That, however, does not alter the fact that their own motion was based upon – and requested relief under – Option II only.

{¶12} Despite the fact that the Frys requested specific performance under Option II (i.e., the opportunity to purchase the Frontage for $25,000), the trial court ordered specific performance under Option I (i.e., holding that the Frys could offer to purchase the Frontage for $84,700, and that Ms. Speelman would have to accept that offer). Because the Frys' motion for summary judgment was based upon – and requested relief under – Option II only, we hold that the trial court erred by ordering specific performance under Option I. Ms. Speelman's assignments of error are sustained on that basis.

THE FRYS' ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED BY HOLDING MRS. SPEELMAN'S SALE OF THE DISPUTED PROPERTY TO THE MAURERS *DID NOT* TRIGGER THE RIGHT OF FIRST REFUSAL CONTAINED IN PARAGRAPH 2.01(b) OF THE AGREEMENT ("OPTION #2").

{¶13} In their sole assignment of error, the Frys argue that the trial court erred by holding that Ms. Speelman's transfer of the Frontage to the Maurers did not trigger the right of first refusal under Option II. Our review of the trial court's order, however, indicates that the trial court did not make a determination as to Option II. While the order does state that a genuine issue of material fact remained regarding the amount of consideration that the Maurers offered to

---

[2] We note that Ms. Speelman combined her motion for summary judgment with her brief in opposition to the Frys' motion for summary judgment.

Ms. Speelman, it does not contain any meaningful analysis of Option II. This Court will not make a determination as to whether Ms. Speelman's transfer of the Frontage to the Maurers triggered the right of first refusal under Option II in the first instance. *Skidmore v. Natl. Bronze & Metals (Ohio) Inc.*, 9th Dist. Lorain No. 12CA010328, 2014-Ohio-4423, ¶ 16 ("[T]his Court generally will not decide issues in the first instance[.]"). Accordingly, the Frys' assignment of error asserted on cross-appeal is overruled.

### III.

**{¶14}** Ms. Speelman's assignments of error are sustained on the basis that the trial court lacked authority to order specific performance under Option I. The Frys' assignment of error asserted on cross-appeal is overruled. The judgment of the Wayne County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees/Cross-Appellants.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ALETHA M. CARVE, Attorney at Law, for Appellant/Cross-Appellee.

MATTHEW P. MULLEN, Attorney at Law, for Appellant/Cross-Appellee.

J. DOUGLAS DRUSHAL and SARAH B. BAKER, Attorneys at Law, for Appellees/Cross-Appellants.