[Cite as *Fry v. Speelman*, 2019-Ohio-585.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

JAMES R. FRY, et al.

    Appellees/Cross-Appellants

    v.

GRACE A. SPEELMAN

    Appellant/Cross-Appellee

C.A. No.     18AP0012

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2014 CVC-H 000512

DECISION AND JOURNAL ENTRY

Dated: February 19, 2019

HENSAL, Judge.

{¶1} Grace A. Speelman appeals from the judgment of the Wayne County Court of Common Pleas that granted James and Dianne Fry's renewed motion for summary judgment. The Frys filed a cross-appeal, challenging part of the trial court's judgment. We affirm.

I.

{¶2} This Court previously set forth the relevant factual and procedural background of this case as follows:

> James Fry is Grace Speelman's nephew by marriage. In 2004, Mr. Fry and his wife purchased over 81 acres of farmland from Ms. Speelman. As a condition to that purchase, the parties executed a right of first refusal ["ROFR"] pertaining to an adjoining 8.47 acres of land, which the parties refer to as the "Frontage."
>
> The [ROFR] provided, in part, that if Ms. Speelman desired to sell the Frontage (or any portion thereof), she had to first notify the Frys in writing, who would then have the option to purchase it for $10,000 per acre ("Option I"). If the Frys opted not to purchase the Frontage on those terms (or if they did not respond to the notice within 30 days), Ms. Speelman had the right to offer the Frontage (or any portion thereof) to a third-party purchaser. If she received a bona fide written offer that she was willing to accept, she was then required to provide a copy of

that offer to the Frys, who would then have the right to purchase the Frontage on those terms, or refuse ("Option II").

In 2014, Ms. Speelman transferred the Frontage to her grandson, Michael Maurer, and his wife. There is no dispute that Ms. Speelman did not give the Frys the opportunity to purchase the Frontage before transferring it to the Maurers. Upon learning of the transfer through a newspaper, the Frys contacted the attorney who drafted the [ROFR]. That attorney sent a letter to the attorney involved with the Maurer transaction. The letter explained that Ms. Speelman and the Frys executed a [ROFR], and advised that the Frys wished to exercise their rights thereunder by purchasing the Frontage from the Maurers for $25,000 (the amount they believed the Maurers paid or agreed to pay Ms. Speelman).

When Ms. Speelman learned of the letter, she had the Maurers transfer the Frontage back to her "as quickly as [they] could." The Frys filed suit shortly thereafter against Ms. Speelman and the Maurers, requesting, in part, that the trial court: (1) declare that they were entitled to exercise their rights under the [ROFR]; and (2) order Ms. Speelman and the Maurers to transfer the Frontage to them for no more than $25,000. Ms. Speelman filed a counterclaim, seeking a declaratory judgment as to the rights and obligations conferred by the [ROFR]. The Maurers were later dismissed as parties on the basis that they no longer had any interest in the Frontage.

The Frys moved for summary judgment, arguing that no genuine issue of material fact remained, and that they were entitled to specific performance under Option II, arguing that the court order the Frontage transferred to them for the sum of $25,000. Ms. Speelman also moved for summary judgment, arguing, in part, that because she never received a written offer from the Maurers, the [ROFR] under Option II was never triggered.

The trial court denied Ms. Speelman's motion, dismissed her counterclaim, and granted summary judgment in favor of the Frys. In doing so, the trial court determined that the transfer of the Frontage to the Maurers triggered the [ROFR], and that Ms. Speelman should have given the Frys the opportunity to purchase the Frontage under Option I for $84,700 ($10,000 per acre). Its order states, in part:

> [The Frys'] motion for summary judgment is granted. Judgment for [the Frys] in that they may offer [Ms. Speelman] $84,700 for the property and [Ms. Speelman] must accept the offer, if forthcoming. If no offer is forthcoming, [Ms. Speelman] may offer the property to a third-party and the Frys will have the option of matching the offer or [Ms. Speelman] may decline to offer the property to a third-party.

*Fry v. Speelman*, 9th Dist. Wayne No. 16AP0001, 2017-Ohio-5478, ¶ 2-7.

**{¶3}** Ms. Speelman appealed the trial court's grant of summary judgment, arguing that the transfer of the Frontage to the Maurers did not trigger the ROFR under Option I because she never desired to sell the Frontage to the Maurers. *Id.* at ¶ 9. She also argued that the trial court erred by ordering specific performance because such a result is harsh and oppressive. *Id.* This Court declined to address the merits of Ms. Speelman's arguments on the basis that the trial court erred by granting summary judgment on grounds not raised. *Id.* at ¶ 12. More specifically, this Court held that – since the Frys moved for summary judgment under Option II only – the trial court erred by granting summary judgment under Option I. *Id.* Notably, this Court declined to address whether the transfer of the Frontage to the Maurers was a sale (as argued by the Frys) or a donative transfer (as argued by Ms. Speelman). *Id.* at ¶ 4, fn. 1.

**{¶4}** In their cross-appeal, the Frys argued that the trial court erred by holding that Ms. Speelman's transfer of the Frontage to the Maurers did not trigger the ROFR under Option II. This Court, however, noted that the trial court's judgment entry contained no meaningful analysis of Option II and, therefore, this Court would not consider the Frys' argument in the first instance. *Id.* at ¶ 13. This Court then reversed and remanded the matter for further proceedings. *Id.* at ¶ 14.

**{¶5}** On remand, the Frys filed a renewed motion for summary judgment wherein they essentially incorporated their prior motion, but added a request for relief under Option I. The trial court granted the renewed motion before Ms. Speelman had an opportunity to respond, so that order was subsequently vacated. Ms. Speelman then filed a brief in opposition to the Frys' renewed motion, as well as a cross-motion for summary judgment. The trial court granted the Frys' renewed motion and denied Ms. Speelman's cross-motion. Ms. Speelman has appealed the

trial court's grant of summary judgment, and the Frys have cross-appealed. We will address Ms. Speelman's assignments of error first.

## II.

## MS. SPEELMAN'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED [THE FRYS'] RENEWED MOTION FOR SUMMARY JUDGMENT AND DENIED [MS. SPEELMAN'S] CROSS-MOTION FOR SUMMARY JUDGMENT UNDER OPTION I OF THE RIGHT OF FIRST REFUSAL BECAUSE [THE FRYS'] COMPLAINT FOR SPECIFIC PERFORMANCE ONLY REQUESTED RELIEF UNDER OPTION II OF THE RIGHT OF FIRST REFUSAL.

{¶6}   In her first assignment of error, Ms. Speelman argues that the trial court erred by granting specific performance under Option I of the ROFR because the Frys failed to request relief under Option I in their complaint, they never amended their complaint to request such relief, and she never consented to them moving for summary judgment under Option I. She also argues that the Frys have waived their right to address this issue on appeal because they did not respond to her cross-motion for summary judgment below.

{¶7}   Initially, we note that Ms. Speelman could have, but did not, raise this issue in her first appeal. Rather, as previously noted, she challenged the trial court's grant of summary judgment in favor of the Frys under Option I on the bases that: (1) Option I was not triggered because she never desired to sell the Frontage; and (2) ordering specific performance was harsh and oppressive. Because Ms. Speelman could have raised this issue in her first appeal, she is precluded from doing so now. *In re T.G.*, 9th Dist. Wayne No. 04CA0040, 2004-Ohio-5173, ¶ 9 (noting that res judicata bars parties from raising issues "that were, or could have been raised in the first appeal.").

{¶8}   Even if Ms. Speelman had raised this issue, it is well established that Ohio is a notice-pleading state. *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, ¶

13.  Under Civil Rule 8(A), a complaint is required to contain: "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."  This is a liberal rule, requiring "that the adverse party will receive fair notice of the claim and an opportunity to prepare [a] response thereto." *Horn* at ¶ 13, quoting *Anderson v. BancOhio Natl. Bank,* 1st Dist. Hamilton No. C–840913, 1985 WL 8844, *1 (Nov. 27, 1985).  We review the application of this rule de novo. *Haskett v. Haskett*, 11th Dist. Lake No. 2011-L-155, 2013-Ohio-145, ¶ 17 ("The application of a civil rule is a question of law, which we review de novo.")

{¶9}   As set forth in our recitation of the facts above, the Frys' complaint asked the trial court to declare that they were entitled to exercise their rights under the ROFR.  While their complaint specifically referenced Option II, we cannot say that the complaint, read as a whole, did not provide fair notice of the Frys' request for relief under the entire ROFR, including Option I.  In light of the foregoing, Ms. Speelman's first assignment of error is overruled.

MS. SPEELMAN'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED [THE FRYS'] RENEWED MOTION FOR SUMMARY JUDGMENT AND DENIED [MS. SPEELMAN'S] CROSS-MOTION FOR SUMMARY JUDGMENT BECAUSE THE DOCTRINE OF THE LAW OF THE CASE PRECLUDES [THE FRYS] FROM SEEKING SUMMARY JUDGMENT UNDER OPTION I.

{¶10}  In her second assignment of error, Ms. Speelman argues that the trial court erred by granting summary judgment under Option I of the ROFR because, under the law-of-the-case doctrine, the Frys were precluded from raising a new argument (their entitlement to relief under Option I) on the same issue (whether the transfer of the Frontage triggered the ROFR) on remand.  Because the law-of-the-case doctrine does not apply, we disagree.

**{¶11}** "The law of the case doctrine 'provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Pelster v. Millsaps*, 9th Dist. Summit No. 20507, 2001 WL 1192733, \*1 (Oct. 10, 2001), quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "The rationale underlying this doctrine is to maintain consistent results in a case by conclusively settling issues that have previously been litigated." *Id.*

**{¶12}** Here, this Court resolved the parties' prior appeal and cross-appeal on procedural grounds without considering the merits of whether the trial court erred by granting summary judgment in favor of the Frys under Option I. *Fry*, 2017-Ohio-5478, at ¶ 14. Because this Court did not make a determination in that regard, we cannot say that the law-of-the-case doctrine precluded the Frys from seeking – and the trial court from granting – summary judgment under Option I. *See Cotton v. Anderson*, 9th Dist. Lorain No. 10CA009830, 2011-Ohio-3885, ¶ 16 (holding that the appellant failed to establish that the law-of-the-case doctrine applied when this Court resolved the two prior appeals on procedural grounds without considering the underlying merits); *Myers v. Goodwill Industries of Akron, Inc.*, 130 Ohio App.3d 722, 726-727 (9th Dist.1998) (holding that the law-of-the-case doctrine did not apply to the appellee's subsequent motion for summary judgment when this Court never conducted a de novo review of the original motion). Accordingly, Ms. Speelman's second assignment of error is overruled.

MS. SPEELMAN'S ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED WHEN IT GRANTED [THE FRYS'] RENEWED MOTION FOR SUMMARY JUDGMENT AND DENIED [MS. SPEELMAN'S] CROSS-MOTION FOR SUMMARY JUDGMENT UNDER OPTION I OF THE RIGHT OF FIRST REFUSAL BECAUSE THE TRANSFER OF THE PROPERTY TO THE MAURERS DID NOT TRIGGER THE RIGHT OF FIRST REFUSAL.

{¶13} In her third assignment of error, Ms. Speelman argues that the trial court erred by granting summary judgment in favor of the Frys under Option I because, at a minimum, a genuine issue of material fact remained as to whether the transfer of the Frontage to the Maurers triggered the ROFR. We disagree.

{¶14} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civil Rule 56(C), summary judgment is appropriate if:

> [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E).

{¶15} The crux of Ms. Speelman's argument is that she never "desire[d] to sell" the Frontage to the Maurers, so the ROFR under Option I was never triggered. She argues that the transaction was a donative transfer, which is demonstrated by the fact that she transferred the Frontage at a below-market-value price, the Maurers never paid her, and the parties never executed a purchase agreement.

{¶16} While Ms. Speelman's merit brief goes to great lengths to categorize the transfer of the Frontage as a donative transfer rather than a sale, the record reveals otherwise. Her

arguments ignore her own deposition testimony wherein she: (1) repeatedly acknowledged that she intended to sell the Frontage; and (2) consistently testified that she did – in fact – sell it to the Maurers. For example, she testified that she told Mr. Fry and her children that she was going to sell the Frontage to the Maurers. Mr. Fry then warned her that she could not sell the Frontage before offering it to him, to which she responded: "oh, maybe I can because I own it, I think I can sell it." And, when asked if she ultimately sold the Frontage to the Maurers she responded: "Yes, that's right, I did[.]" Further, in an affidavit executed after her deposition, Ms. Speelman averred that she was "willing to sell" the Frontage to the Maurers, and that they agreed upon a $25,000 sale price. Ms. Speelman and the Maurers subsequently recorded a warranty deed, which evidenced the conveyance. To now claim that her intentions and the terms of transaction indicate that it was a donative transfer – as opposed to a sale – is inconsistent with her own testimony and is not supported by the record. Because Ms. Speelman has not established that a genuine issue of material fact existed in this regard, we overrule her third assignment of error.

MS. SPEELMAN'S ASSIGNMENT OF ERROR IV

> THE TRIAL COURT ERRED WHEN IT GRANTED [THE FRYS'] RENEWED MOTION FOR SUMMARY JUDGMENT AND DENIED [MS. SPEELMAN'S] CROSS-MOTION FOR SUMMARY JUDGMENT BECAUSE REQUIRING [MS. SPEELMAN] TO TRANSFER THE FRONTAGE UNDER OPTION I OF THE RIGHT OF FIRST REFUSAL WOULD BE HARSH AND OPPRESSIVE UNDER THE FACTS OF THIS CASE AND THERE IS NO EVIDENCE THAT THE FRYS HAVE BEEN DAMAGED BY THE RESCINDED TRANSFER.

{¶17} In her fourth assignment of error, Ms. Speelman argues that the trial court erred by granting specific performance in favor of the Frys because requiring her to transfer the Frontage to the Frys under Option I would be harsh and oppressive, and because the Frys have not been harmed by the now-rescinded transaction.

{¶18} This Court "reviews a lower court's decision to grant specific performance under an abuse of discretion standard." *David Moore Builders, Inc. v. Hudson Village Joint Venture*, 9th Dist. Summit No. 22118, 2004-Ohio-4950, ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶19} In support of her argument that specific performance would be harsh and oppressive, Ms. Speelman relies on the fact that she never intended to sell the Frontage. In light of our analysis of this issue in the foregoing assignment of error, we reject this argument. Further, to the extent that Ms. Speelman argues that the Frys have suffered no harm by the now-rescinded transaction, we disagree. Ms. Speelman's sale of the Frontage to the Maurers without first offering it to the Frys precluded the Frys from purchasing the Frontage at that time. Ms. Speelman acknowledges this, but argues that the Frys have not suffered harm because they retain the right to purchase the Frontage in the future when triggering events occur. Those events may never occur, or they may occur at a time when the Frys are otherwise unable to exercise their rights under the ROFR. Regardless, Ms. Speelman's actions deprived the Frys of the present right to purchase the Frontage, and she has not established that granting specific performance to allow them to exercise that right is harsh and oppressive. *See Wargo v. Henderson*, 7th Dist. Columbiana No. 08-CO-21, 2009-Ohio-2443, ¶ 10, 50, 51 (holding that the trial court did not err by ordering specific performance to allow the appellee to exercise his rights under an option agreement despite the fact that the underlying transaction that caused the breach had been rescinded); *Allegro at Boynton Beach, L.L.C. v. Pearson*, 227 So.3d 1288, 1290-1291 (Fla.App.2017) ("Once a holder's right of first refusal ripens into an option, the option is not

affected by termination of the underlying contract."). Ms. Speelman's fourth assignment of error is overruled.

{¶20} Having overruled Ms. Speelman's assignments of error, we now turn to the Frys' cross-assignment of error.

THE FRYS' CROSS-ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY HOLDING MRS. SPEELMAN'S TRANSFER OF THE DISPUTED PROPERTY TO THE MAURERS DID NOT TRIGGER THE RIGHT OF FIRST REFUSAL CONTAINED IN PARAGRAPH 2.01(b) OF THE OPTION AGREEMENT ("OPTION II").

{¶21} In their cross-assignment of error, the Frys argue, in relevant part, that – because the trial court found that no genuine issue of material fact existed – and because it found that Ms. Speelman sold the Frontage – it erred by not granting their motion for summary judgment under Option II. We disagree.

{¶22} A decree of specific performance "is an attempt to place the parties in the relative position that they would have been in had the sale of the real estate proceeded according to the agreement." *Sandusky Properties v. Aveni*, 15 Ohio St.3d 273, 276 (1984); *Sorrell v. Micomonaco*, 12th Dist. Warren No. CA2016-07-060, 2017-Ohio-1498, ¶ 26, quoting 84 Ohio Jurisprudence 3d, Specific Performance, Section 1 (2016) ("[A] decree for specific performance is nothing more or less than a means of compelling a party to do precisely that which ought to have been done without the court's coercion.").

{¶23} Here, had Ms. Speelman adhered to the terms of the ROFR, she would have notified the Frys of her desire to sell the Frontage, and the Frys would have had the option to exercise their rights under Option I. By ordering relief under Option I, the trial court's order puts the Frys in the position they would have been in had Ms. Speelman followed the terms of the

ROFR. We, therefore, cannot say that the Frys have established that the trial court erred by granting specific performance under Option I. The Frys' cross-assignment of error is overruled.

III.

{¶24} Ms. Speelman's assignments of error are overruled. The Frys' cross-assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ALETHA M. CARVER, Attorney at Law, for Appellant/Cross-Apellees.

J. DOUGLAS DRUSHAL, Attorney at Law, for Appellee/Cross-Appellant.